## LEVY v. BURKLE and Others.

### No. 11,967; July 27, 1887.

#### 14 Pac. 564.

**Trust Deed—Fraud as Defense.**—In an Action to Foreclose a Trust Deed, where the answer set up that the property conveyed was the separate property of the wife; that her husband had been arrested on a criminal charge, and obtained bail; that he became financially embarrassed; and that the wife signed the trust deed upon the representations made to her by her husband and the plaintiff, who was a creditor of the husband and one of his bondsmen, that unless she signed the deed the bondsmen would withdraw, and her husband would have to go to jail, and would probably be convicted, and go to the penitentiary, and that by signing the deed she would not lose anything, and that the deed would not devest her of her homestead: held, that a demurrer to such answer was properly sustained.

**Trust Deed—Order of Sale—Right of Redemption.**—A court has no authority to order a sale of property without the right of redemption given by statute; and it makes no difference whether the security under which the sale is ordered is a mortgage or a trust deed.

APPEAL from Superior Court, Los Angeles County.

This was an action to obtain an order to sell certain property under a trust deed. The complaint alleges that, on the 23d of May, F. Burkle, one of the defendants, was indebted to sundry persons in about the sum of three thousand dollars; that on that day he entered into an agreement with his creditors to pay to the plaintiff, Levy, as trustee, the amounts of his debts, in twelve monthly installments; that, to secure the payment of said sums, Burkle and his wife, Elizabeth Virginia Burkle, executed a trust deed to Levy; that in October, 1885, the Burkles commenced an action against Levy to have the trust deed vacated and set aside on the ground of fraud; that a judgment was rendered against them in this action, and subsequently they commenced another suit against Levy to have the deed vacated on the ground that the land conveyed was the homestead of defendants, and the separate property of the wife, and that the wife had been induced to sign the deed by fraud and undue influence; that the Burkles had declared that they intended to harass perpetually said Levy by

litigation; that the threats, the bringing of the second suit, and the possession of the property by the Burkles, tend to cloud plaintiff's title, as such trustee, and he prays that the title of the trustee be declared good, and the trust property be sold without the right of redemption.

The defendants demurred to the complaint. The demurrer was overruled, and they answered, denying the alleged threats to harass plaintiff, and setting up as new matter, by way of separate defense, that at the time of the execution of the trust deed the property conveyed was the separate property of the wife, and the homestead of herself and husband; that the wife executed the trust deed through fraud and undue influence on the part of the plaintiff. The fraud relied on was that on the 2d of May, 1884, her husband, who was a merchant in San Pedro, Los Angeles county, assaulted one Jones, and was arrested and taken to Los Angeles; that upon securing bail he was again arrested on a second complaint by Jones, and again compelled to give bail; that, from that time until the date of the execution of the trust deed, he was engaged in preparing to defend these proceedings; that his attorney and friends had told him that he would probably be convicted, and go to the penitentiary; that he became financially embarrassed, and his creditors began to harass him; that Levy, the plaintiff, who was one of the creditors, and a trusted adviser, suggested that he and his wife join in a deed of all her property to him (Levy) in trust, to conciliate the other creditors; that he was given to understand that his bondsmen (Levy and one Jacoby), both creditors, would withdraw from the bond, and he would have to go to jail, unless the deed was given; that prior to the date of the execution of said trust deed he confided to his wife all his troubles, as they were known to himself and Levy; that in consequence she became greatly agitated and unfitted for business, and while in this condition she was asked by Levy, he at the time knowing her condition, to attend a meeting of her husband's creditors, and was then asked to sign the trust deed; that she refused to do so until told by her husband and Levy that by so doing she could relieve her husband from his embarrassments, and that she would not lose anything thereby, and that the deed would not devest her of her homestead; that it was only upon the faith of these assurances that she signed the deed; that all

the representations so made by her husband and Levy were intentionally and deliberately false on the part of said Levy. To this answer the plaintiff demurred, which demurrer was sustained, and defendants appealed.

P. W. Dooner for appellants; Chapman & Hendrick and Graves & O'Melveny for respondent.

THORNTON, J.—The demurrer to the answer of defendant Elizabeth Burkle was properly sustained. We are of opinion that there is error in the judgment in the direction for the sale of the property without the right of redemption. The right to redeem is given by statute, and the defendant cannot be deprived of it by the court. It makes no difference that the security here involved is a deed of trust. It was held at an early day in Kent v. Laffan, 2 Cal. 595, and ever since, that the statutory redemption applied to a sale on foreclosure of a mortgage. · If it applies to a mortgage, it as well applies to a deed of trust. Both are securities only. The difference is only in form. In one case the mortgagee is the trustee; in the other a third person.

The judgment is ordered to be modified in the court below by striking out the direction for the sale without the right of redemption, and when so modified will stand affirmed. Ordered accordingly.

We concur: McFarland, J.; Sharpstein, J.