THE BANKING CORPORATION OF MONTANA, APPELLANT, *v.* HEIN ET AL., RESPONDENTS.

(No. 3,780.)

(Submitted March 23, 1916.   Decided April 12, 1916.)

[156 Pac. 1085.]

*Deeds of Trust—Mortgages—Redemption—"Right of Redemption"—"Equity of Redemption"—Burden of Proof.*

Deeds of Trust—Mortgages—Right of Redemption.
   1.   The provisions of sections 6813–6847, Revised Codes, governing the right of redemption, apply as well to a decree enforcing a deed of trust as to one foreclosing a mortgage.
Same—"Equity of Redemption"—Definition.
   2.   The "equity of redemption" from a mortgage or trust deed sale is a substantive property right which the mortgagor retains and which may be sold or seized on attachment or execution; it comes into existence when the property is hypothecated, and is terminated by a sale, either under a power of sale or by virtue of a decree.
Same—"Right of Redemption"—Definition.
   3.   The "right of redemption" arises only upon such sale, exists for the period fixed by law, and is not property in any sense, but a bare personal privilege of statutory origin to be exercised only by the persons named in the statute in the instances mentioned therein, and within the time and upon the conditions prescribed.
Same—"Right of Redemption"—Limited to Judicial Sales.
   4.   The right of redemption referred to in the statute *supra* relating to redemptions is limited to judicial sales; hence it has no application to a sale by virtue of a power contained in a mortgage or deed of trust.
Same—Right of Redemption—Burden of Proof.
   5.   The right of redemption being statutory, the burden is upon anyone, claiming by or under it, to show its existence, and that he is in a position to invoke its benefit.

[As to who may redeem, see note in 21 Am. St. Rep. 245.]

*Appeal from District Court, Teton County; J. B. Leslie, Judge.*

ACTION by The Banking Corporation of Montana against Joseph B. Hein and others. Judgment for defendants; plaintiff appeals. Reversed and remanded.

*Messrs. Day & Mapes,* for Appellant, submitted a brief; *Mr. E. C. Day* argued the cause orally.

*Messrs. Norris & Hurd,* for Respondents, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint herein is in the ordinary form employed in an action to quiet title. It alleges that the plaintiff is the owner and entitled to the possession of the property, and that the defendants claim an adverse estate or interest therein. Warren W. Hurd, and others claiming under him, made answer setting forth that the plaintiff's claim of title is based upon a deed executed by the defendant Joseph E. Hein, conveying the property to the plaintiff to secure a loan of $50,000; that while the instrument purports to be a trust deed, it is in fact a mortgage, and contains a provision that in case of default in the payment of principal or interest, the trustee may proceed to sell to the highest bidder at public auction the property, rights, tenements and hereditaments thereby conveyed, or such parts thereof as may be necessary to pay the indebtedness then outstanding; that the defendant Hein defaulted in the payment of his indebtedness, and plaintiff proceeded to sell the property under the above-described power, and became the purchaser at the sale and executed to itself a deed therefor, which is the only claim of title that it has to the property; that the defendant Hurd and those claiming under him acquired their title by conveyance from Hein after the execution of the trust deed, but before the sale, and that the right of redemption conferred by law upon the defendant Joseph E. Hein and his successors in

interest had not expired at the time the suit was commenced; and that prior to the expiration of the period of redemption the plaintiff is not entitled to the ownership or possession of the premises. To that answer a general demurrer was interposed, but overruled, and plaintiff, refusing to plead further, suffered judgment to be entered against it and appealed.

If it became necessary to define the character of the writing in question, the difficulty would be all but insuperable. It has some of the characteristics of a deed creating an express trust to secure the payment and discharge of an indebtedness. It declares repeatedly that it creates a lien, and therefore it partakes of the nature of a mortgage with a power of sale. It confuses the idea of a deed of trust with the idea of a mortgage. It is a nondescript hybrid which fortunately need not be defined, further than to say that it is some sort of a conveyance for the security of an indebtedness, and contains a power of sale which was exercised in this instance.

Do the provisions of the Code governing the right of redemp-
[1] tion (secs. 6813–6847) apply to a sale under a power of sale contained in a mortgage or deed of trust? In *Hamilton* v. *Hamilton*, 51 Mont. 509, 154 Pac. 717, we reviewed at length the history of our statutory right of redemption, and reached the conclusion that the terms of section 6836 include a decree foreclosing a mortgage. In *Levy* v. *Burkle*, 2 Cal. Unrep. 778, 14 Pac. 564, it was held, and we think correctly, that the statute applies equally as well to a decree enforcing a deed of trust.

To determine the question before us it is essential that the
[2] distinction between the equity of redemption and the statutory right of redemption be kept in mind. The distinction is not always recognized and our own Codes add confusion by the misapplication of terms. For instance: In section 5715 the "right of redemption" is mentioned, when in fact the subject treated is the equity of redemption considered further in sections 5723–5725. The equity of redemption is a substantive property right which the mortgagor retains in the property and which may be sold or seized on attachment or execution. It comes

into existence when the property is hypothecated, and is ter-- minated by a sale either under a power of sale or by virtue of a decree. It had its origin in chancery, and was intended to temper the harshness of the common-law mortgage.

On the other hand, the right of redemption arises only upon [3] a sale, and exists for the period fixed by law. It is not property in any sense of the term, but a bare personal privilege. It is purely of statutory origin, and can only be exercised by the persons named in the statute, in the instances mentioned therein, and within the time and upon the conditions prescribed. (27 Cyc. 1799, 1800; *Powers* v. *Andrews*, 84 Ala. 289, 4 South. 263.)

An analysis of the statute above, which creates the right of [4, 5] redemption, defines its extent, prescribes its limitations, and provides the procedure for its enforcement, discloses at once that it is limited to judicial sales where the court is the vendor and the officer conducting the sale is merely the agent of the court; where there has been a judgment or decree of court (sec. 6813); an execution or its equivalent issued by the clerk of the court and directed to the sheriff for enforcement (sec. 6814); a levy (sec. 6827); due notice (sec. 6828); a sale at which the officer conducting it cannot be a purchaser (sec. 6830); written notice of redemption given to the sheriff, a duplicate filed with the county clerk (sec. 6839); payment; and the execution, delivery, and recordation of a certificate of redemption (sec. 6839). The right of redemption being statutory, the burden is upon anyone who claims by or under the right to show its existence, and that he is in a position to invoke its benefit.

A sale by virtue of a power contained in a mortgage or deed of trust is not a judicial sale, and does not bear any analogy to one. (*Kerr* v. *Blaine*, 49 Mont. 602, 144 Pac. 566.) The right to redemption does not attach to such a sale (27 Cyc. 1449), and for this reason the facts stated in the affirmative defenses—subdivisions 2 and 3—of the joint answer of the defendants Warren W. Hurd, Amy A. Hurd, Michael Hasquet

and E. Love, do not constitute a defense and the demurrer thereto should have been sustained.

The judgment is reversed and the cause is remanded, with directions to sustain the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.