STATE ex rel. FLOWERREE, Relator, *v.* DISTRICT
COURT et al., Respondents.

(No. 5,552.)

(Submitted June 13, 1924. Decided June 30, 1924.)

[227 Pac. 579.]

*Supervisory Control—Real Property—Mortgage Foreclosure—
Writ of Assistance—Petition—Notice—Pleading and Prac-
tice.*

Supervisory Control—Nonappearance of Respondent—Allegations of Peti-
tion Deemed True.
   1. Where an alternative writ (supervisory control) has been duly
served and respondent fails to enter an appearance, the allegations
contained in the petition will be deemed true.

Same—Writ Lies, When.
   2. Where, because of the time necessary to prepare an appeal and
have it heard, that remedy is so inadequate as to render recourse
to it tantamount to a denial of justice, the writ of supervisory con-
trol may issue to review the action of the court complained of.

Real Property—Mortgage Foreclosure—Purchaser Entitled to Possession
During Period of Redemption.
   3. The purchaser at a sale of realty under foreclosure is, as against
the judgment debtor, entitled to possession during the period of
redemption if the premises are not occupied by the debtor as a
home for himself and his family.

Same—Foreclosure—Decree Awarding Possession to Purchaser—Jurisdic-
tion—Collateral Attack.
   4. Where the district court had jurisdiction of the subject matter
and the defendant in a mortgage foreclosure proceeding the decree
in which provided that the purchaser should have possession upon
presentation of the sheriff's certificate, the defendant, who had
failed to make appearance, could not attack the decree collaterally on
motion to dissolve a writ of assistnce granted the purchaser.

Same—Foreclosure—Writ of Assistance—Notice on Defaulting Defendant
not Required.
   5. When defendant in a foreclosure proceeding has appeared and
is in possession of the premises he is entitled to notice of application
for writ of assistance by the purchaser at foreclosure sale; but
where he defaults, he is not entitled to such notice under section
9782, Revised Codes of 1921, which provides that after default
service of notice of subsequent proceedings need not be made upon
him.

Same—Writ of Assistance—Petition—Failure to Exhibit Sheriff's Deed
on Demand for Possession—Sufficiency of Pleading.
   6. While it is incumbent upon a purchaser at a foreclosure sale
seeking a writ of assistance to allege in his petition, among other

---

   **1.** Writs of assistance, see note in **Ann. Cas.** 1913D, 1120.

things, that when making demand for possession he exhibited to
the judgment debtor the sheriff's certificate of sale, where such
allegation was not made, but instead the petitioner averred that
when making demand the debtor refused and asserted that he in-
tended to withhold possession, the averment was sufficient to admit
evidence that the certificate was exhibited in conformity with the
decree of foreclosure.

Same—Writ of Assistance—Petition—Demand for Possession—Presenta-
tion of Sheriff's Deed—Waiver.

7. Presentation of the sheriff's certificate of sale of real property
under foreclosure by the purchaser seeking a writ of assistance to
gain possession may be waived by the conduct of the party in
possession at the time demand is made, as where he announces his
intention to withhold possession notwithstanding such certificate.

Same—Writ of Assistance—Proper Issuance.

8. *Held*, on application for writ of supervisory control, that where
a writ of assistance had been properly granted a purchaser at a
foreclosure sale, subsequent quashing of the writ on motion of the
judgment debtor on the alleged grounds that the court did not have
jurisdiction to incorporate in the decree a clause authorizing the
purchaser to take immediate possession, that notice of application
for the writ had not been served on defendant (who had defaulted),
and that the petition for the writ did not state facts sufficient to
authorize issuance of the writ, was error.

Original application by the State of Montana, on the rela-
tion of W. K. Flowerree, for a writ of supervisory control
against the District Court of the Tenth Judicial District, in
and for Judith Basin County, and Rudolph Von Tobel, a
Judge thereof.  Writ issued.

*Messrs. Freeman, Thelen & Frary,* for Relator, submitted
a brief; *Mr. G. S. Frary* argued the cause orally.

The writ of assistance is apparently a uniform method by
courts in enforcing their decrees when the title or right of
possession to property has been adjudicated. (*Taylor* v.
*Ellenberger,* 134 Cal. 31, 66 Pac. 4; *Hibernian Savings & Loan
Society* v. *Lewis,* 117 Cal. 577, 47 Pac. 602; *Terrell* v. *Alli-
son,* 21 Wall. (U. S.) 289, 22 L. Ed. 634 [see, also, Rose's
U. S. Notes] ; *Watkins* v. *Jerman,* 36 Kan. 464, 13 Pac. 798;
*Harding* v. *Harker,* 17 Idaho, 341, 134 Am. St. Rep. 259, 260,
105 Pac. 788; *Stanley* v. *Sullivan,* 71 Wis. 585, 5 Am. St.
Rep. 245, 37 N. W. 801.)  It will be noticed by the above
citations that where the title or right of possession has been
adjudicated by the court that the party entitled to possession
has a right to a writ of assistance to procure possession of the

premises purchased at the sheriff's sale. Otherwise, the purchaser would be left to needless expenses and costs of litigation and only be successful in the securing of his rights after a length of time necessary in the process of an appeal and courts will not compel litigants to go to such needless or useless expense and waste of time.

It might be said that in the trial court there is some discretion in granting a writ of assistance but this discretion is only in doubtful cases and not in cases clear and free from doubt. (*Prahl* v. *Rogers*, 127 Wis. 353, 106 N. W. 287; *Beatty* v. *DeForest*, 27 N. J. Eq. 482; *Lynde* v. *O'Donnell*, 21 How. Pr. (N. Y.) 34; *Skinner* v. *Beatty*, 16 Cal. 156; *State* v. *Evans*, 176 Mo. 310, 75 S. W. 914.)

No appearance on behalf of Respondents.

MR. JUSTICE STARK delivered the opinion of the court.

This is an application for a writ of supervisory control. Upon filing of the petition an alternative writ was issued and [1] made returnable on June 13, 1924, at 10 o'clock A. M. This writ was duly served, but respondents have not entered an appearance. For this reason we must accept the allegations contained in the petition as true.

From the petition it appears that on December 5, 1923, C. S. Purdy and W. K. Flowerree commenced an action in the district court of Judith Basin county against Charles Herbert Winner and Suzenne Winner, his wife, wherein they prayed that a certain contract for the sale of real estate be foreclosed. Summons was issued and personal service thereof made upon the defendants, but they did not appear in the action, and thereafter on January 25, 1924, their defaults were duly entered, and on February 4, 1924, such proceedings were had in the action that a judgment or decree of foreclosure and sale was duly given and made, the respondent Rudolph Von Tobel sitting as the presiding judge. Said decree amongst other things provided: "It is further ordered, adjudged and decreed that the purchaser of the said

premises at such sale be let into possession thereof, and that any of the parties to this action who may be in possession of the said premises, or any part thereof, or any person who, since the commencement of this action, may be in possession of the said premises under them or either of them deliver possession thereof to the purchaser or purchasers upon production of the sheriff's certificate of sale to the said premises or any part thereof.''

On February 9 an order of sale was issued on said judgment, delivered to the sheriff of Judith Basin county, who regularly sold the property described therein, and subsequently made his return thereof to the effect that he had sold the same to the relator W. K. Flowerree. On March 15 the sheriff made, executed and delivered to the relator his certificate of sale. At the time of the sale of the property it was in the possession of Charles Herbert Winner and Suzenne Winner, his wife, defendants in the action. After receiving the sheriff's certificate of sale the relator demanded possession of the property from Winner and wife, but they refused to surrender it. On May 3 he made application to the district court of Judith Basin county for a writ of assistance to put him in possession; whereupon, by an order of the district court, the respondent Judge Von Tobel presiding, such a writ was issued commanding the sheriff of said county to place the relator in possession of the real estate described in the sheriff's certificate of· sale. On May 12 the defendant Charles Herbert Winner appeared in the action by motion, and, upon grounds hereinafter stated, asked that the writ of assistance theretofore issued be quashed, and on May 19 the respondent Judge Von Tobel made an order quashing said writ. In support of the application for the order to quash the writ the defendant Winner filed an affidavit reciting that he was in possession of the lands described in the writ of assistance, making the same a home for himself and his family, and alleged that he was entitled to the possession thereof during the period of redemption.

After a detailed recital of the foregoing facts the petition [2] sets out circumstances which have satisfied us that the relator's remedy by appeal from the order quashing the writ of assistance would be wholly inadequate because of the time necessary to prepare and have the same heard, and that to compel him to resort to that remedy would be tantamount to a denial of justice. Under the conditions set forth, we think it a proper case in which to grant relief by a writ of supervisory control. (*State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395; *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612.)

The sole question presented for consideration is whether the respondents erred in sustaining the motion to quash and vacate the writ of assistance.

The defendants' motion to dissolve the writ of assistance was based on the grounds:

(a) That the court was without jurisdiction to enter a decree prescribing that the purchaser of the premises should be entitled to the possession thereof prior to the expiration of the period of redemption, and that no sheriff's deed had been issued to the purchaser.

(b) That no notice of the application or petition for the writ was served upon the defendants.

(c) That the petition for the writ did not state facts sufficient to authorize its issuance.

1. As to the first point it is only necessary to say that the [3, 4] district court had jurisdiction of the subject matter of the foreclosure proceeding involved and by personal service of summons upon the defendants acquired jurisdiction over their persons.

Under our statutes the purchaser at a foreclosure sale is, as against the judgment debtor, entitled to possession of the premises during the period of redemption, except when they are occupied by the execution debtor as a home for himself and his family. (Sec. 9449, Rev. Codes 1921; *Citizens' Nat. Bank* v. *Western L. & B. Co.,* 64 Mont. 40, 208 Pac. 893.) But the decree in this case made specific provision that the

purchaser should be let into possession upon production of
the sheriff's certificate of sale, and we must presume for the
purpose of this proceeding that it was properly made. If
what the defendant Winner asserted in the affidavit filed in
support of his motion to quash the writ of assistance was
true and the provision inserted in the decree of foreclosure to
the effect that the purchaser should be entitled to possession
of the premises on production of the sheriff's certificate of
sale was not warranted by the allegations of the complaint,
his remedy was by motion to modify the decree so as to make
it conform to the pleading; he could not assail the decree
collaterally on a motion to dissolve the writ of assistance.

2. When defendants have appeared in the action and are
[5] in possession of the premises, or where the premises are
in possession of persons who were not parties to the suit, a
writ of assistance should not issue until after notice of appli-
cation for the writ and a hearing thereon. (2 Ency. Pl. &
Pr. 984; 3 Cal. Jur. 341; 2 R. C. L. 735; 5 C. J. 1324;
*Hooper* v. *Yonge,* 69 Ala. 484; *San Jose* v. *Fulton,* 45 Cal.
316; *Ray* v. *Trice,* 49 Fla. 375, 38 South. 367; *Jones* v.
*Hooper,* 50 Miss. 510; *Escritt* v. *Michaelson,* 73 Neb. 634,
10 Ann. Cas. 1039, 103 N. W. 300, 106 N. W. 1016; *Fackler*
v. *Worth,* 13 N. J. Eq. 395; *Blauvelt* v. *Smith,* 22 N. J. Eq.
31; *Knight* v. *Houghtalling,* 94 N. C. 408.) This seems to
be the rule in all of the states whose decisions we have ex-
a_ined, except that in New York it is held that notice of the
application for a writ of assistance is unnecessary. *(New
York Life Ins. & Tr. Co.* v. *Rand,* 8 How. Pr. (N .Y.) 35;
*New York Life Ins. & Tr. Co.* v. *Cutler,* 9 How. Pr. (N. Y.)
407; *Lynde* v. *O'Donnell,* 21 How. Pr. (N. Y.) 34.) And in
Wisconsin, where the manner of obtaining the writ is left
entirely to the wisdom of the court which may or may not
require notice to the occupant of the property of the applica-
tion for the writ as in its judgment may seem best. (*Prahl*
v. *Rogers,* 127 Wis. 353, 106 N. W. 287.)

But in this case the defendants were in possession of the
premises, and, although personally served with process, did

not appear in the action until the motion to quash the writ of assistance was filed, and the judgment against them was taken by default. Section 9782, Revised Codes of 1921 provides: "After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail." In the motion to quash the writ of assistance it was not asserted that the defendants, or either of them, were within the exception noted in the statute, hence, being in default for want of appearance, they were not entitled to notice of the application for the writ.

3. We have considered the petition for the writ and are [6] of opinion that its allegations are sufficient. In 1 Freeman on Executions, third edition, page 166, section 37E, speaking of the steps necessary to be taken to obtain a writ of assistance, the author says: "The acts now required of the purchaser in most of the states are: (1) Exhibit his deed to and demand possession of the parties against whom he wishes to proceed; (2) move the court to issue the writ, and upon the hearing of the motion establish such exhibit and demand, and that such parties remain in possession. Thereupon the writ will be ordered unless good cause is shown against its issuance" (citing cases).

While in order to entitle the purchaser to the possession of the premises it was necessary for him to perform the precedent conditions contained in the decree by producing the sheriff's certificate of sale to the persons in possession (*Ludlow* v. *Lansing*, Hopk. Ch. (N. Y.) 231; *Valentine* v. *Teller*, 1 Hopk. 422; 2 Wilsey on Mortgage Foreclosure, p. 1065, sec. 726; *Watkins* v. *Jerman*, 36 Kan. 464, 13 Pac. 798; *Oglesby* v. *Pearce*, 68 Ill. 220; *Howard* v. *Bond*, 42 Mich. 131, 3 N. W. 289; *Cochran* v. *Fogler*, 116 Ill. 194, 5 N. E. 383), the relator's petition does not specifically allege that he did so. It does, however, state: "That your petitioner has

made demand upon the said Charles Herbert Winner and ——
Winner, his wife, who claim to be in possession of the afore-
said described lands but they have refused to deliver up the
possession of the aforesaid described lands to your petitioner
and have advised your petitioner that they intend to withhold
possession of the aforesaid described land."

Under a similar petition, to which a demurrer was filed, the
supreme court of Oregon, in *Hald* v. *Day*, 36 Or. 189, 59
Pac. 189, said: "If, under our statute, it may be said to be
a prerequisite to the obtainment of the writ that the sheriff's
certificate of sale should be exhibited to the party in posses-
sion, it should accompany the demand, and would therefore
characterize the mode or manner of making such demand; so
that, when it is alleged that a demand was made for posses-
sion, and the same refused, it would let in proof of the exhi-
bition of the sheriff's certificate of sale. * * * It seems
to us that, if issue had been joined upon the merits, all the
facts, within these authorities, necessary to the obtainment
of the writ, could have been shown under the affidavit filed
in this cause. It was therefore sufficient upon which to base
the order. The demurrer thereto must be overruled." So in
this case we are of opinion that under the allegations con-
tained in the above-quoted paragraph the relator would have
been permitted to show that in connection with his demand
for possession of the premises he produced and exhibited to
the defendants the sheriff's certificate of sale, thereby com-
plying with the conditions of the decree.

Moreover, the motion to quash the writ was not based upon
the failure of relator to produce and exhibit the sheriff's
certificate of sale, and apparently no objection was made to
such failure since the petition recites that the defendants
asserted a right to remain in possession of the premises until
the expiration of the period of redemption. In the paragraph
[7, 8] from Freeman on Executions above quoted from
it is further said: "The exhibition of the deed may be ren-
dered unnecessary by the conduct of the respondent, as where

he announces his intention of withholding possession, notwithstanding such deed, and in defiance thereof."

In the case of *Knight* v. *Houghtalling, supra,* it was held that the presentation of the deed to the party in possession might be dispensed with when it was waived by the conduct of the parties by a refusal to surrender the possession based upon other grounds.

Since, under the decree, relator was entitled to possession of the premises after production of the sheriff's certificate of sale and such possession was refused, the court acted properly in granting him a writ of assistance to gain possession, and its order quashing the writ after its issuance was erroneous.

For these reasons it is ordered that a writ issue directing the respondents to vacate and set aside the order made on May 19, 1924, quashing the writ of assistance issued on May 3, and to make and enter an order denying his motion.

*Writ issued.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the foregoing decision.