STATE EX REL. KESTER, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,772.)

(Submitted June 26, 1925. Decided July 14, 1925.)

[238 Pac. 875.]

*Real Property—Mortgage Foreclosure—Writ of Assistance—Improper Denial—Judgment—Collateral Attack—Writ of Supervisory Control.*

Mortgages — Foreclosure — Possession — Writ of Assistance — Improper Denial of Application.
1. *Held*, on application for writ of supervisory control, that where a real estate mortgage provided that the mortgagee might at his option take possession of the mortgaged premises in case of default, and the judgment decreed that the purchaser on foreclosure be let into possession upon production of the sheriff's certificate of sale, and delivery of possession was refused, the court erroneously denied the purchaser's application for writ of assistance.

Same—Default of Defendant—Writ of Assistance—Collateral Attack on Judgment.
2. Where a mortgagor permitted judgment in foreclosure to be taken against him by default, and failed to apply for a modification of the judgment authorizing the purchaser at foreclosure sale to take possession of the land, he will not be heard to attack the judgment collaterally on application by the purchaser for writ of assistance.

Mortgages, 27 **Cyc.**, p. 1740, n. 78; p. 1743, n. 93.

1. Nature and issuance of writ of assistance, see notes in 51 **Am. Dec.** 152; 93 **Am. St. Rep.** 154. See, also, 2 **R. C. L.** 731.

[74 Mont. 100.]

Original proceeding by the State, on the relation of C. H. Kester for a writ of supervisory control, directed to the District Court of the Nineteenth Judicial District in and for the County of Pondera and Honorable J. J. Greene, as Judge thereof. Writ issued.

*Mr. J. A. McDonough* and *Mr. Arthur S. Jardine,* for Relator, submitted a brief; *Mr. Jardine* argued the cause orally.

*Messrs. Arnot & Doyle,* for Respondents, submitted a brief; *Mr. D. W. Doyle* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original proceeding on application for a writ of supervisory control. Upon filing of the petition, an order to show cause was issued, returnable for final hearing June 26, 1925, as to whether the writ should issue. On the return day the respondents appeared by counsel and filed a motion to quash the order, and the matter was thereupon regularly presented on the merits. It appears that on June 6, 1924, one Henry H. Antrim commenced an action to foreclose a real estate mortgage in the district court of Pondera county against Moses A. Amon, his wife, Mary Amon, and others, named therein as defendants. A mortgage was executed on March 3, 1916, by the defendants Amon and his wife, as mortgagors, to C. E. Shoemaker & Co., covering a tract of 320 acres of land, as security for the payment of the principal amount of a promissory note of even date, executed to the mortgagee by the mortgagors. The note and mortgage became the property of the plaintiff in the foreclosure action by virtue of assignments made thereof. The mortgage provides that in case of default in the payment of the principal sum or any part thereof, or of the interest due thereon or any part thereof, the mort-

gagee, in case of default, may, at its election and without notice, "be *entitled* to the possession" of the mortgaged premises and to the rents, issues and profits thereof.

In the complaint filed in the foreclosure action, right of possession of the mortgaged property is asserted by the plaintiff therein pursuant to the terms of the mortgage, and the judgment entered provides: "That the purchaser or purchasers of said mortgaged premises * * *. be let into possession thereof, and that any of the parties to the action who may be in possession of said premises, or any part thereof, and any person who, since the commencement of this action, has come into possession under them, or any of them, deliver possession to such purchaser or purchasers on production of the said certificate of sale of such premises." The mortgagors defaulted in the foreclosure action after personal service had been made upon them.

The relator became the purchaser of the mortgaged property at sheriff's sale. The premises were then occupied by one John Bakken, as the lessee of the mortgagors, and, upon presentation of the sheriff's certificate of sale of the property, he refused to deliver possession thereof, as did also the mortgagors, asserting right of possession thereof during the period of redemption. Bakken, as such lessee, did not come into occupancy of the property until after the judgment on foreclosure of the mortgage had been entered. The mortgagors held a lease on 320 acres of adjoining land, known as the Smith place, which they sublet to John Bakken at the same time they leased the mortgaged property to him, as to which Amon reserved the house on the leased premises and eight acres of ground.

In his application for the writ of assistance, the relator alleged that he became the purchaser of the premises at sheriff's sale under the judgment of foreclosure and that he presented Moses A. Amon, his wife, Mary Amon, and John Bakken with the sheriff's certificate of sale of the land and in writing demanded possession thereof, which was re-

fused. The mortgagors appeared in opposition to the granting of a writ of assistance. The writ was by the court denied.

The sole question presented for decision is whether the relator, as purchaser of the mortgaged premises at sheriff's sale pursuant to the judgment in foreclosure, is entitled to the possession of the mortgaged property and the rents, issues and profits thereof during the period of redemption allowed by law, as against the mortgagors and their lessee.

The mortgagors resist the right of the relator to posses-
[1, 2]  sion of the property under asserted right, pursuant to the provisions of section 9449 of the Revised Codes of 1921, which reads as follows: "The purchaser of lands at mortgage foreclosure or execution sales is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while said execution debtor personally occupies the land as a home for himself and family."

Under the facts disclosed, decision of this case is dependent solely upon our adherence to the court's recent decision in the case of *State ex rel. Flowerree* v. *District Court*, 71 Mont. 89, 227 Pac. 579. We are satisfied with that opinion, and see no reason to modify it in any manner. Paraphrasing the language used by Mr. Justice Stark, in that case, applicable here, the decree of foreclosure made specific provision that the purchaser of the property be let into possession upon production of the sheriff's certificate of sale, and the decree following the allegations of the complaint appears to have been regularly and properly entered by the court upon evidence before it. The mortgagors should have protected their rights, if any they had, in the foreclosure action or by application to modify the judgment. They cannot now be permitted to make collateral attack on the judgment. If the provision inserted in the decree of foreclosure directing that the purchaser at sheriff's sale

be entitled to the immediate possession of the premises, on production of the sheriff's certificate of such sale, was not warranted, the mortgagor's proper remedy was by motion to modify the decree; they cannot be permitted to attack the decree on resistance to the issuance of a writ of assistance. The right of possession has already been adjudicated, and the court was in error in denying the relief sought.

A writ of supervisory control will issue as prayed.

*Writ issued.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, and not having heard the argument, takes no part in the foregoing decision.