STATE ex rel. COSTELLO, Relator, *v.* DISTRICT COURT ET AL., Respondents.

(No. 6,603.)

(Submitted December 7, 1929. Decided January 13, 1930.)

[284 Pac. 128.]

*Mr. W. F. O'Leary* and *Mr. W. P. Costello,* for Relator, submitted a brief; *Mr. O'Leary* argued the cause orally.

*Mr. H. R. Eickemeyer* and *Messrs. Cooper, Stephenson & Hoover* for Respondents, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

In May, 1929, W. P. Costello commenced an action against Phelps, a resident of Peru, South America, the city of Great Falls, Montana, and W. P. Wren, its treasurer, to quiet title to certain property situated in Great Falls. The complaint alleged that plaintiff, Costello, is the owner of the described property, free from all encumbrances, liens or charges of any kind whatsoever, and in actual possession thereof; that defendants claim some title or interest in or lien or encumbrance upon the property adverse to plaintiff's ownership. It prayed that defendants be required to set forth their claims; that plaintiff be adjudged owner of the property in fee simple, free from all encumbrances; that defendants be adjudged to have no title, right, claim, lien or encumbrance thereon, and be enjoined from claiming or asserting any interest, lien or claim upon the property. The defendants city of Great Falls and Wren, were regularly served with process and defaulted. Judgment was entered on June 4, 1929, in which the court found that plaintiff is the owner of the property free from all encumbrances; that previous to the year 1929 the city of Great Falls had created improvement districts numbered 203, 337, 288, 505 and 511; that previous to 1929 the city had levied certain assessments, charges or impositions for certain special improvements which constitute clouds on plaintiff's title; that plaintiff acquired title to the property by virtue of a tax deed issued to him on April 15, 1929, which had the effect of terminating all outstanding liens, encumbrances, charges and claims of every nature. The decree provided: "That the liens of special improvement districts numbered 203, No. 337, No. 288, No. 505 and No. 511 and all liens for construction or maintenance of lights, sidewalks, boulevards, curbs, grading and other improvements created previous to April 15, 1929, and all special city taxes, charges and impositions for construction, maintenance or otherwise are null and void, whether the same are now due or to become due in the future, and whether the same are now levied, assessed or

spread upon the records of said city or said city treasurer, or to be levied, assessed or spread in the future. That the city of Great Falls, W. P. Wren, treasurer thereof, and their agents, servants, deputies and attorneys are hereby ordered to cancel and annul and fully discharge of record, the liens or purported liens of special improvement districts No. 203, No. 337, No. 288, No. 505, No. 511, and all charges, liens, claims, taxes and encumbrances of record in the offices of said city affecting the title to said real estate, and the city of Great Falls, Montana, W. P. Wren, treasurer thereof, and their successors in office, agents, deputies, attorneys, or any of them are hereby enjoined from claiming, asserting, entering of record, spreading, certifying or attempting to enforce said special improvement district liens, charges or impositions, special city taxes, claims or impositions for construction of boulevards, curbs, lights, sidewalks, grading or other improvements, and the said W. P. Wren is hereby ordered to cancel of record all charges now standing upon the books of said city treasurer, where the same are now of record, and to desist and refrain from spreading, entering, certifying or asserting the liens or charges growing out of any of said mentioned special improvement districts, assessments, charges or impositions, or any other charge or impositions created, initiated, authorized or levied previous to April 15, 1929, affecting or purporting to affect the title to said real estate, or in anywise clouding plaintiff's title thereto.''

On October 7, 1929, relator here commenced proceedings in the district court of Cascade county against W. P. Wren to have him adjudged in contempt of court for violating the provisions of the decree entered in the suit to quiet title. The petition of relator in the contempt proceedings alleged that defendant Wren, in disobedience of the judgment and decree, in September, 1929, spread and entered of record in his office charges and assessments for construction of lights, walk, and curb, and boulevard, as a lien against the property involved in the suit to quiet title, under resolutions creating districts numbered 505 and 511. The defendant Wren filed answer

to the petition in the contempt proceedings, in which he admitted that he spread and entered the charges and assessments in question as alleged, and, as an affirmative defense, challenged the validity of the decree in the suit to quiet title for want of jurisdiction over the subject matter, in so far as it attempted to restrain the assessment of the property under the resolutions creating districts 505 and 511. It alleges that, as to these districts, the assessments were not levied until September 3, 1929, and July 1, 1929, respectively. Relator filed a general demurrer to the answer, which was overruled. Relator refusing to further plead, judgment of dismissal of the contempt proceedings followed. Relator thereupon applied to this court for a writ of supervisory control to have the judgment of dismissal and the order overruling the demurrer vacated.

The questions presented are whether the judgment in the suit to quiet title, in so far as it attempted to enjoin assessments made and payable after the execution of the tax deed to relator, is valid, and, if not, whether it is open to collateral attack. Upon considering these questions, we are met with the command of our statute, in plain and unambiguous language, that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." (Sec. 9316, Rev. Codes 1921.)

Here the liens which Wren as city treasurer is seeking to assert were not in existence when the suit to quiet title was commenced or when the decree in that action was entered. He alleges in his answer, in substance, that one of them originated on September 3, 1929, and the other on July 1, 1929. The lien comes into being upon the date of the passage of the resolution levying the assessment. (Sec. 5247, Rev. Codes 1921.) There is nothing in the complaint in the suit to quiet title from which it can be said that plaintiff sought to quiet title as against liens to arise in the future. No

attack was made in the complaint upon the regularity of the proceedings leading up to the creation of the special improvement districts referred to in the decree. There was no intimation in the complaint that relief would be sought inconsistent with section 9, Chapter 100, Laws of 1929, which provides: "The deed hereafter issued under this or any other law of this state shall convey to the grantee the absolute title to the lands described therein as of the date of the expiration of the period for redemption, free of all encumbrances and clear of any and all claims of said defendants to said action except the lien for taxes which may have attached subsequent to the sale and the lien of any special or local improvement assessments levied against the property payable after the execution of said deed. * * * "

A judgment in a suit to quiet title does not and cannot affect after-acquired liens or interests. (*Reed* v. *Calderwood*, 32 Cal. 109.) This is particularly true when the complaint does not seek to quiet title as against liens subsequently accruing.

The suggestion was made in the oral argument of counsel for relator and in their brief that the obligations had already been incurred and the work performed at the time the suit to quiet title was pending. This, however, does not affect the result, for, under section 5247, supra, the lien does not come into existence until the assessment is levied. In 2 Black on Judgments, second edition, section 617, we find the statement: "Of course, a judgment being conclusive only upon matters within the issues, it is not an estoppel as to after-occurring facts not involved in the suit in which the judgment was rendered."

Since the default decree in the suit to quiet title attempts to adjudicate rights not embraced in the pleadings, it is to that extent clearly erroneous. (*Manuel* v. *Turner*, 36 Mont. 512, 93 Pac. 808.) It remains to determine whether it is subject to collateral attack.

"According to some authorities a default judgment for different or greater relief than demanded is void; but accord-

ing to others it is merely erroneous or voidable." (34 C. J. 192.) In this state it has been held that a default judgment based upon a complaint which fails to state facts sufficient to constitute a cause of action is "exposed to collateral attack at any time when it is sought to be made the basis of a right." (*Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315, 318.) Mr. Chief Justice Brantly, speaking for the court in that case said: "A judgment based upon such a pleading is invalid." We think the same thing may be said of that portion of a default judgment which attempts to award relief not demanded in the complaint. As to such portion of the judgment it has no pleading at all to support it, and is therefore, to that extent, invalid and subject to collateral attack. The better reasoned cases we believe support this conclusion.

In treating of a judgment rendered in the absence of the defendant, the United States supreme court, speaking through Mr. Justice Brewer in *Reynolds* v. *Stockton*, 140 U. S. 254, 35 L. Ed. 464, 11 Sup. Ct. Rep. 773, 777, said: "A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that because A. and B. are parties to a suit a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. * * * 'A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard.' " A well-reasoned opinion sustaining this view is that of *Sache* v. *Wallace*, 101 Minn. 169, 118 Am. St. Rep. 612, 11 Ann. Cas. 348, 11 L. R. A. (n. s.) 803, 112 N. W. 386, where the authorities are reviewed at great length.

Relator, in reliance upon a statement in 34 C. J. 540, contends that it will be presumed that the judgment was supported by the pleadings and proof. Here the complaint on which the judgment was rendered is before us, and a resort

to presumptions as to what it contains is unauthorized. There are statements made in the case of *State ex rel. Flowerree* v. *District Court,* 71 Mont. 89, 227 Pac. 579, which support relator's contention that the decree may not be attacked collaterally if it grants relief not warranted by the allegations of the complaint. The original records in that case having been lost, we are unable to determine whether the complaint on which the judgment by default was entered was before the court. On the supposition that it was not, the correct conclusion was reached in that case under the circumstances, but not for the reasons stated. The court should have held that, in the absence of a showing as to what the complaint contained, it would be presumed that it supported the judgment. The true rule was stated by this court in the case of *State ex rel. Kester* v. *District Court,* 74 Mont. 100, 238 Pac. 875, where it was specifically noted that the decree there under attack followed the allegations of the complaint.

Relator contends the presumption will be indulged that the court found that the charges and assessments were fully paid, or that the districts were not legally created, or that the statutes which might have been relied upon were unconstitutional. It may be that some or all of these presumptions are proper in a litigated case, if within the scope of the pleadings. But here there was a default judgment, and, since no such issues were tendered by the complaint on which the judgment was entered, resort may not well be made to such presumptions. But, if they may be indulged in a proper case, they may not be here, for the additional reason that it appears affirmatively on the face of the judgment that the cancellation of existing liens was based upon the decision of this court in the case of *State ex rel. City of Great Falls* v. *Jeffries,* 83 Mont. 111, 270 Pac. 638, and for no other reason.

The judgment, after reciting that relator obtained a tax deed on April 15, 1929, in compliance with law, contains this finding: "That the issuance and delivery of said tax deed as aforesaid created a wholly new title and conveyed to plaintiff a title free and clear of all encumbrances and terminated and

voided all outstanding liens, encumbrances, charges and claims of every nature whatsoever then existing against said real estate. That since the issuance and delivery of said tax deed plaintiff has been and now is the owner of said real estate free and clear of all encumbrances of every nature and kind whatsoever." Some of the provisions of the decree are in conflict with the holding in the *Jeffries Case,* as affected by Chapter 100 of the Laws of 1929. The judgment, in so far as it attempts to restrain the city treasurer from asserting liens for assessments levied in September and July, 1929, and payable after the execution of the tax deed to relator, conflicts with that chapter, and was not warranted under the pleadings in the suit to quiet title, and to that extent is void. It is, of course, elementary that there can be no contempt for disobedience of a void order. (*State ex rel. O'Grady* v. *District Court,* 61 Mont. 346, 202 Pac. 575.)

The answer of Wren in the contempt proceedings stated facts sufficient to constitute a defense, and the respondent court properly overruled the demurrer thereto and properly dismissed the proceedings upon relator's refusal to further plead.

The motion of respondents to quash the order to show cause issued herein is sustained, and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.