KOITH DAYTON, Petitioner, v. J. G. PATTERSON, Judge, Respondent.

No. 41156.

OCTOBER 24, 1933.

E. S. Thayer, for petitioner.

James J. Jennings, County Attorney, and Edwin Willcockson, for respondent.

DONEGAN, J.—On June 1, 1929, there was filed in the office of the clerk of the district court of Keokuk county, Iowa, an original notice entitled State of Iowa, plaintiff, v. Koith Dayton, defendant. This original notice notified the defendant that on or before the 20th day of September, 1929, the petition of the plaintiff would be filed asking that an injunction be granted restraining and prohibiting him from the transportation, illegal possession, or handling of intoxicating liquors, and that, unless he appeared before noon of the second day of the October term of said court, which would commence on the 1st day of October, 1929, default would be entered against him and judgment and decree rendered as provided by law. To this original notice was attached a certificate of the sheriff of Keokuk county, Iowa, showing service of said notice upon the defendant, Koith Dayton, on the 31st day of May, 1929, at Lafayette township in said county. Said notice also contained the following:

"I, Koith Dayton, hereby accept service of this Original Notice and waive time and receipt for copy and consent to the filing of the petition and the taking of the judgment.

"[Signed] J. K. Dayton, Defendant."

On the 3d day of June, 1929, there was filed in the district court of Keokuk county, Iowa, the petition of plaintiff asking that the defendant be enjoined from keeping or carrying around on his

person or in a motor vehicle intoxicating liquors, with intent to sell or dispose of the same by gift or otherwise, contrary to, and in violation of, law. On the 18th day of June, 1929, there was entered of record in the office of the clerk of the district court of Keokuk county, Iowa, a decree in the case of State of Iowa, plaintiff, v. Koith Dayton, defendant. Said decree contained the following statement:

"This cause coming on to be heard on the issues joined herein, the plaintiff appearing by Edwin Willcockson, County Attorney, and the defendant not appearing but makes default, and said default is ordered made of record, and the court having inspected the original notice and the return thereon, finds that the defendant has been duly served with notice of the pendency of this suit, and waived time and the court further finds that it has full and complete jurisdiction of this action."

Following this statement the decree finds that the defendant had kept and carried around intoxicating liquors with intent to sell or dispose of same by gift or otherwise, in violation of law, and concludes by ordering "that the defendant, Koith Dayton, be and he is forever and perpetually enjoined from in any way, shape or manner, keeping or carrying around on his person or in a motor vehicle intoxicating liquors with intent to sell or dispose of the same by gift or otherwise, contrary to and in violation of law".

Thereafter said Koith Dayton was cited for contempt of the above decree, and upon a hearing held on the 8th day of July, 1931, he was found guilty of a violation of said decree and ordered to pay a fine of $400 and the costs of action, including an attorney's fee of $50. Thereafter, on the 25th day of July, 1931, said Koith Dayton filed in the office of this court his original petition for a writ of certiorari. Said petition recited the entry of the decree of injunction on the 18th day of June, 1929; the filing of an information charging defendant with contempt of such injunction; and the judgment of the district court of Keokuk county, Iowa, on the 8th day of July, 1931, finding defendant in contempt of said injunction. Said petition further alleged that, in entering such judgment of contempt, the judge of the district court exceeded his jurisdiction and acted illegally, because the decree of injunction was entered without jurisdiction and was therefore void, and because the evi-

dence was insufficient to support the judgment of the court finding the defendant guilty of contempt.

Unless the district court had jurisdiction of the person of the defendant at the time that the injunction decree was entered, such decree would be void, and defendant could not be held guilty of contempt in violating it. It is necessary, therefore, that we determine whether the district court had jurisdiction of the person of the defendant at the time it entered its decree of injunction on the 18th day of June, 1929.

There are only two ways in which the court could have acquired jurisdiction of the person of the defendant: first, by the service of an original notice; and, second, by the defendant voluntarily entering his appearance. An original notice was served upon the defendant by the sheriff, but such notice required the appearance of the defendant at the October term of court, which was to commence on the first day of October, 1929. The original notice thus served upon the defendant would not have given the court any jurisdiction of the person of the defendant prior to the second day of such October term of court. Walsmith v. Jackson, 195 Iowa 630, 192 N. W. 513.

It is true the defendant accepted service of the original notice in this case, but it seems quite apparent that the mere acceptance of service by itself alone would not give the court any jurisdiction of the person of the defendant prior to the term at which the original notice required his appearance. A mere acceptance of service of an original notice does no more than dispense with the actual service thereof. It seems quite apparent, therefore, that the court had not acquired jurisdiction of the person of the defendant on the 18th day of June, 1929, because of the original notice that was served upon him or because of the mere acceptance of service of such original notice.

 In argument in this case the respondent admits that jurisdiction of the person of the defendant at the time of the entry of the decree of injunction had not been acquired by service of the original notice. Respondent contends, however, that the court did have jurisdiction of the person of the defendant at that time because the defendant had voluntarily entered an appearance, and claims that such appearance was made by the defendant in signing the statement attached to the original notice. The statement thus referred to is as follows:

"I, Koith Dayton, hereby accept service of this Original Notice and waive time and receipt for copy and consent to the filing of the petition and the taking of the judgment.

"[Signed] J. K. Dayton, Defendant."

The mode by which an appearance can be made, and by which the respondent claims it was made in this case, is prescribed by section 11087 of the Code, and is as follows:

"11087. Mode of Appearance. The mode of appearance may be:

"1. By delivering to the plaintiff or the clerk of the court a memorandum in writing to the effect that the defendant appears, signed either by the defendant in person or his attorney, dated the day of its delivery and filed in the case."

It is the contention of the respondent that the written statement signed by the petitioner and filed with the clerk was a sufficient compliance with the provisions of section 11087, above set forth, and that, when said written statement was filed with the clerk, the defendant thereby entered his appearance.

Did the written statement attached to the original notice and signed by the defendant constitute an appearance by him in the injunction action? The respondent argues that it did, and the petitioner denies that it can be so considered. Without considering or deciding whether such written statement might in any case constitute an appearance, we feel constrained to hold that the contention of the respondent cannot be sustained in this action.

The difficulty with the position now taken by the respondent is that it is contrary to the finding of the court upon which it based its jurisdiction in entering the injunction decree. The decree of injunction contained the following statement:

"Now on this 18th day of June, 1929, the same being the 19th judicial day of the regular April, 1929, term of this court, this cause coming on to be heard on the issues joined herein, the plaintiff appearing by Edwin Willcockson, County Attorney, and the defendant not appearing but makes default, and said default is ordered made of record, and the court having inspected the original notice and the return thereon, finds that the defendant has been duly served with notice of the pendency of this suit, and waived time and the court further finds that it has full and complete jurisdiction of this action."

In the language of the court, "the defendant not appearing but makes default, and said default is ordered made of record", there is an absolute negation of any appearance on the part of the defendant. The further language of the court to the effect that "the court having inspected the original notice and the return thereon, finds that defendant has been duly served with the notice of the pendency of this suit", would further seem to indicate that the court based its jurisdiction upon the service of the original notice. It is true that the decree, after stating that the defendant had been served with notice of suit, proceeds to say "and waived time". But, in view of the language previously used by the court, we are unable to see how the use of these words could have conferred jurisdiction by appearance, when the court had already declared that the defendant did not appear. By its language the court finds that the defendant did not appear, and a default was ordered because of such non-appearance. If the court had understood that an appearance had been made and had intended to base its jurisdiction upon such appearance, it is difficult to see how the court could have used the language which was contained in the decree. It further appears that, after inspecting the original notice and finding that the same had been served upon the defendant, the court found it had jurisdiction because of the service of such notice, and seems then mistakenly to have assumed that the statement signed by the defendant to the effect that he waived time conferred immediate jurisdiction upon the court.

In the face of the solemn finding of the court that the defendant had not appeared, the respondent cannot in this action be heard to say that there was an appearance; and, in the face of the finding of the court that its jurisdiction was based upon the service upon the defendant of the original notice which called for his appearance at the October term of court, the mere statement of the defendant that he waived time could not give the court jurisdiction where such jurisdiction did not already exist. The only way in which jurisdiction could be acquired prior to the term of court stated in the original notice would be by the defendant entering his appearance, and the court expressly found that no such appearance had been made.

Respondent cites section 12467 of the Code, and argues that, in any event, the petitioner is barred by the statute of limita-

tions from having the action of the lower court reviewed by a writ of certiorari. Section 12467 is as follows:

"No writ shall be granted after twelve months from the time it is alleged the inferior court, tribunal, board, or officer exceeded its or his jurisdiction, or otherwise acted illegally."

The respondent apparently loses sight of the fact that the action of the district court which the petitioner alleges was illegal and asks to have reviewed was the entering of the judgment of contempt against the defendant on the 8th day of July, 1931. The petition in this action was filed in this court on the 25th day of July, 1931, and the writ of certiorari was issued on the 28th day of July, 1931. If the decree of injunction entered on the 18th day of June, 1929, was entered without the court having jurisdiction of the defendant, it was void, and a void decree is subject to collateral attack. Reed v. Wright, 2 G. Greene 15; Kitsmiller v. Kitchen, 24 Iowa 163; Crawford v. Zieman, 192 Iowa 559, 185 N. W. 61. The respondent's contention that the petitioner is barred from maintaining this action is therefore without merit.

Since the decree of injunction was entered without the court having jurisdiction of the person of the defendant, it was necessarily void, and the judgment of contempt pronounced against the defendant because of an alleged violation of such injunction was, therefore, likewise without jurisdiction. The writ of certiorari issued in this case must be sustained.—Writ sustained.

ALBERT, C. J., and EVANS, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.