ENA F. WOLSKI, PLAINTIFF IN ERROR, V. HARVEY RICHARD LIPPINCOTT, JR., DEFENDANT IN ERROR.

25 N. W. 2d 754

FILED JANUARY 10, 1947. No. 32152.

*Mothersead & Wright, Homer, Tye & Worlock,* and *Lewis F. Shull,* for plaintiff in error.

*Minor & Minor,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WILSON District Judge.

WILSON, District Judge.

Plaintiff in error, hereinafter called the defendant, was convicted for contempt, and prosecutes error to this court. We reverse the judgment of the trial court.

The action out of which the contempt proceeding arises was commenced in the district court for Buffalo County by Virginia Lippincott, as plaintiff, and subsequently prosecuted by defendant in error, hereinafter called the plaintiff, as substituted plaintiff, against defendant in this action and others as defendants. The purpose of the action was to cancel conveyances made by the original plaintiff, Virginia Lippincott, to Harvey Lippincott, one of the defendants, of property in both Buffalo and Scotts Bluff Counties, and to quiet plaintiff's title to said properties; and further, to enjoin the defendants in said action from claiming any interest in said properties.

The record does not disclose that said action has been tried with reference to the cancellation of the deeds and the quieting of plaintiff's title, but in and during the pendency of the action the court issued a restraining order, and subsequently a temporary injunction, enjoining the defendant in the case at bar from entering or attempting to enter upon the Scotts Bluff County property, involved in the action. After citation and trial defendant was found guilty of contempt for violation of the temporary injunction. From this judgment defendant prosecutes error to this court, contending that the court lacked jurisdiction over the subject matter of the action and the temporary injunction was therefore void; and that accordingly defendant could not be in contempt for violation thereof.

Subsequent to the issuance of the temporary injunction, and prior to defendant's conviction for contempt, a permanent injunction was issued enjoining defendant from proceeding with an action to quiet title, which she had commenced in the district court for Scotts Bluff County, with reference to the property in that county. Upon defendant's appeal from this injunction this court held, in Lippincott v. Wolski, *ante* p. 930, 25 N. W. 2d 747, that the district court for Buffalo County had no jurisdiction over the subject matter of the action, because the pleadings disclosed

that none of the defendants in said action had or claimed any interest in the property in Buffalo County. The judgment of the trial court was reversed and the case remanded, with instructions to the trial court to vacate the temporary injunction, involved in the case at bar, and the permanent injunction appealed from in that action, and to dismiss the action.

Reference is made to the opinion of this court in Lippincott v. Wolski, *supra,* for an adequate review of the proceedings and the undisputed pertinent facts established by the record in the case at bar.

We consider that the decision of this court in Lippincott v. Wolski, *supra,* controls and is decisive of the case at bar. The parties to the instant action were also parties to that action, in which this court held that the trial court had no jurisdiction over the subject matter of the action; and this conclusion, of course, renders the temporary injunction, for the violation of which defendant was found guilty of contempt, void and a nullity.

The rule is fundamental that, where the court has no jurisdiction over the subject matter of the action, all proceedings in such action are void. In re Estate of Hansen, 117 Neb. 551, 221 N. W. 694; 14 Am. Jur., Courts, § 167, p. 367; 21 C. J. S., Courts, § 116, p. 177; In re Sawyer 124 U. S. 200, 31 L. Ed. 402, 8 S. Ct. 482.

The rule is likewise well settled that refusal to obey a void order or judgment is not contempt. Calvert v. State, 34 Neb. 616, 52 N. W. 687; 17 C. J. S., Contempt, § 14, p. 19; 43 C. J. S., Injunctions, § 259, p. 1007; 12 Am. Jur., Contempt, § 26, p. 408; In re Sawyer, *supra,* McHenry v. State, 91 Miss. 562, 44 So. 831, 16 L. R. A. N. S. 1062; Note 16 L. R. A. N. S. 1063; Hay v. Hay, 40 Idaho 159, 232 P. 895; Maier v. Luce, 61 Cal. App. 552, 215 P. 399; Bottom v. City of Edwardsville, 308 Ill. 68, 139 N. E. 5; Dayton v. Patterson, 216 Iowa 1382, 250 N. W. 595; State

ex rel. Costello v. District Court, 86 Mont. 387, 284 P. 128.

For the reasons stated the judgment of the trial court is reversed and the contempt proceeding dismissed.

REVERSED AND DISMISSED.