DYER, APPELLANT, *v.* SCHMIDT ET AL., RESPONDENTS.

(No. 5,054.)

(Submitted March 10, 1923. Decided April 2, 1923.)

[213 Pac. 1117.]

*Real Property—Mortgage Foreclosure—When Purchaser Entitled to Possession During Period of Redemption — When not—Ejectment.*

1. *Held,* in an action in ejectment, that the purchaser of real property on mortgage foreclosure is entitled to possession during the period of redemption (except where the mortgagor occupies the land as a home for himself and his family. [Rev. Codes 1921, sec. 9449]), as against the judgment debtor and those claiming under him by leases made to them after the sale.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by S. L. Dyer against W. H. Schmidt and others. Judgment for defendants, and plaintiff appeals. Reversed, with directions to enter judgment for plaintiff.

Cause submitted on briefs of Counsel.

*Mr. S. P. Wilson,* for Appellant.

*Mr. W. E. Keeley,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Powell county to foreclose a mortgage, wherein S. L. Dyer was plaintiff and Henry Schuman and others were defendants, such proceedings were had that a decree of foreclosure was duly given and made. Under that decree the mortgaged real estate was sold on December 4, 1920. Schuman and wife were the mortgagors and judgment debtors. Dyer was the assignee of the mortgagee and the purchaser of the property at the foreclosure

sale.  On March 3, 1921, Schuman assumed to lease the prop-
erty to W. H. Schmidt, Antone Zimmer and John Hamilton
for the then unexpired portion of the period of redemption or
until December 4, 1921, and under their lease the lessees went
into possession.  Dyer then commenced this action in eject-
ment to recover possession, upon the theory that as purchaser
at the foreclosure sale he was entitled to possession during the
period of redemption.

In their answers defendants set forth their claims as
lessees under Schuman.  At the trial plaintiff waived his claim
for damages and at the conclusion of the testimony moved the
court to direct a verdict in his favor.  The motion was over-
ruled and a verdict directed in favor of defendants.  From
the judgment entered upon the verdict, plaintiff appealed.

There is not any conflict in the evidence.  The one question
[1]  for determination is this: Is the purchaser of real estate
at a foreclosure sale entitled to possession of the property
during the period of redemption as against the judgment
debtor and those claiming under him by leases made after the
date of the sale?

In *McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep.
358, 13 Ann. Cas. 316, 92 Pac. 561, this court held that an
"execution sale transfers the legal title to the purchaser, leav-
ing in the judgment debtor simply the right to redeem."

In *Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717, we
held that our statute does not give to the debtor the right of
possession during the period of redemption, and that section
6843, Revised Codes of 1907 (sec. 9448, Rev. Codes 1921),
implies that the purchaser under foreclosure sale is entitled to
demand and receive the value of the use and occupation dur-
ing that period.  In *Banking Corporation* v. *Hein,* 52 Mont.
238, 156 Pac. 1085, it was held that the right of redemption
is not property in any sense of the term, but a bare personal
privilege.  In *Power Merc. Co.* v. *Moore Merc. Co.,* 55 Mont.
401, 177 Pac. 406, and in *State ex rel. Hopkins* v. *Stephens,*
63 Mont. 318, 206 Pac. 1094, the same doctrine was reaffirmed.

In *Citizens' National Bank* v. *Western Loan & Building Co.,* 64 Mont. 40, 208 Pac. 893, the question was finally set at rest. It was held that the purchaser at execution or foreclosure sale is entitled to possession of the premises during the period of redemption as against the judgment debtor, and the decision of that case is conclusive of this one. These defendants did not acquire any greater rights than Schuman had, and Schuman did not have any right, title, or interest in the property which he could transfer.

The cases above were decided under the Codes of 1907. In 1921 the legislature enacted a statute which created a single exception to the rule announced in the case last cited. That statute, now section 9449, Revised Codes of 1921, provides: "The purchaser of lands at mortgage foreclosure or execution sales is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while said execution debtor personally occupies the land as a home for himself and his family."

The record before us discloses that neither Schuman nor his wife occupied the premises after the foreclosure sale, hence they do not come within the exception.

The judgment is reversed, and the cause is remanded to the district court, with directions to enter judgment for the plaintiff.

*Reversed with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.