GEORGE J. WISE, Appellee, v. BURTON LAIRD et al., Appellees;
F. O. HUTTON, Intervener, Appellant.

**PRINCIPAL AND SURETY:** Rights of Surety—Reviving Mortgage
Against Principal. An execution sale of mortgaged real estate for a
sum such as to leave a deficiency judgment against a surety, who
was compelled to pay it, does not so cancel the lien of the mort-
gage that equity, in an action against the principal, who held a
subordinate lien, may not revive the mortgage in favor of the
surety, and thereby enable him to redeem.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER,
Judge.

JUNE 28, 1924.

SUIT in equity, brought by a surety against the principal
debtor, to revive a mortgage lien for the protection of the
surety, and to permit the surety to protect such lien in his favor
by redeeming the mortgaged property from an execution sale
already made by the creditor; and that such right should be
adjudged paramount to the right of the principal debtor, who
was the holder of a mortgage upon the same property. Pend-
ing the suit, the principal debtor transferred his junior mortgage
to one Hutton, who intervenes in the suit. There was a decree
for the plaintiff substantially as prayed, and the intervener has
appealed.—*Affirmed.*

*Shelby Cullison,* for appellant.

*Preston & Dillinger,* for appellee.

EVANS, J.—By request of the parties, this case has been
advanced upon our docket for immediate hearing and decision.
The controversy is over the relative rights of the contending
parties to redeem from a sheriff's sale already made. The period
of redemption has nearly run, and will expire within a few days.
We have, therefore, taken the case out of its order, and have

given it immediate consideration, and will briefly announce our conclusions and decision thereon, without elaboration or argument.

The facts are stipulated. Only a question of law is presented. In July, 1919, the plaintiff, Wise, appellee, sold to the defendant Laird a farm, for an agreed consideration of $44,000. The farm was then incumbered by a mortgage for $30,000, which had been given by Wise, as mortgagor, to one Davis, as mortgagee. As a part of the purchase price, Laird agreed to pay the mortgage. Sometime later, Laird sold the same farm, subject to the mortgage. As a part of the purchase price, he took a junior mortgage for $6,000 from his grantee, which by its terms was made subject to the $30,000 mortgage. Both Laird and his grantee defaulted in payment of the $30,000 mortgage, and a foreclosure thereof was prosecuted by the mortgagee, Davis. In such foreclosure suit, Davis obtained personal judgment against Wise for the full amount of the mortgage, with interest. Upon sale under execution, the execution plaintiff bid $23,000, which left a deficiency judgment against Wise, the appellee, for more than $10,000, which he was compelled to pay. He thereupon brought this action, and prayed relief, as above stated. The defense is made by Hutton, as intervener, and as assignee of Laird. The defense is predicated upon the general proposition that by the execution sale the lien of the mortgage was exhausted, and that the deficiency judgment ceased to be a lien thereon; and that, therefore, there was nothing to which the surety could be subrogated, and nothing which could be revived in his favor. It is not disputed but that, by operation of law, as between Wise and Laird, the latter became the principal debtor, and the former became a surety. We reach the following conclusions:

That the equities in favor of the appellee as a surety are paramount to the statutory rights of redemption to Laird as a junior lien holder; that such equities are not destroyed, as between the surety and the principal debtor, by the fact that an execution sale, subject to redemption, has been caused by the creditor mortgagee; that the mutual rights and obligations of the surety and principal debtor, as between themselves, remain

the same, in relation to the mortgaged property; that the discharge of the mortgage as to the creditor does not necessarily discharge the equities of the surety; that the surety who pays the debt is entitled in equity, as against the principal debtor, to a revival of the mortgage as of the date he became such surety; that, while the right of redemption remains to the principal debtor, equity will permit the surety to exercise such right for his own protection, as such; that the net effect of a redemption by the surety in this case will be that he shall have paid the full amount of the mortgage; that it is equitable, therefore, that the mortgage should be reinstated in his favor, as against the principal debtor; that, though Laird is not now the owner of the property, having sold the same, his rights as a purported junior lien holder can rise no higher, as against his surety, than they would have been if he had continued as owner. The present owner, though a party defendant, did not defend, and her rights are not asserted.

The decree of the district court permitted the appellee to make redemption from the execution sale, and established such right as superior to that of the holder of the $6,000 mortgage. Such decree also saved a junior right of redemption to the intervener, as holder of the Laird mortgage. The appellant, intervener, stands in the shoes of Laird, as an assignee, pending the litigation, and his rights are measured by those of Laird. He does not claim to be a holder in due course of the paper.

Our foregoing conclusions sustain the decree of the trial court. It is, accordingly, affirmed.—*Affirmed.*

All the justices other than Justice Preston concur herein.

Justice Preston did not participate.