UNION CENTRAL LIFE INSURANCE CO., Appellant,
*v.* JENSEN et al., Respondents.

(No. 5,673.)

(Submitted April 22, 1925. Decided May 6, 1925. Resubmitted on
Rehearing June 23, 1925. Decided June 29, 1925.)

[237 Pac. 518.]

*Real Property—Mortgages—Conditions Broken—Immediate
Possession by Mortgagee—Contracts—Ejectment.*

Contracts—Interpretation—Duty of Courts.
   1.  Courts must give effect to every part of a contract so as to make
its terms operative; they may not make a new contract for the par-
ties, nor read language into or eliminate lawful terms therefrom
unless the words employed are meaningless or involve an absurdity.

Mortgages—Contract Providing for Possession by Mortgagee upon Condi-
tion Broken Valid.
   2.  *Held,* under the rule above and the rules prescribed by the Codes
for the interpretation of contracts, that where the parties to a real
estate mortgage had contracted that upon the mortgagor's default the
mortgagee could at his option declare the entire indebtedness due and
payable without notice; that he could foreclose by judicial proceed-
ings or sell the premises according to law, and should be entitled to
immediate possession and receive the rents, issues and profits thereof,
he was entitled to possession upon condition broken without fore-
closure and sale.

Same—Summary Sale by Mortgagee Under Contract—Mortgagee cannot
Become Purchaser.
   3.  A mortgagee cannot become a purchaser at a summary sale of
property conducted by himself under a power of sale contained in
the mortgage.

Same—Right of Purchaser to Possession—Nature of Right.
   4.  Upon a judicial sale of mortgaged real property the purchaser
is not entitled to possession by reason of the mortgage contract, the
mortgage being at an end and merged in the judgment, but his right
to possession is then pursuant to purchase at the decretal sale.

Same—Right of Mortgagee to Possession Under Contract—Statute.
   5.  Section 9495, Revised Codes of 1921, providing that a mortgage
of real property is not to be deemed a conveyance so as to entitle
the mortgagee to recover possession independent of foreclosure, has
reference only to mortgages wherein no provision is made conferring
upon the mortgagee the right of possession upon condition broken.

---

Contracts, 13 *C. J.,* sec. 485, p. 525, n. 37; sec. 486, p. 527, n. 46;
sec. 489, p. 532, n. 73.
   Mortgages, 27 *Cyc.,* p. 1236, n. 62; p. 1483, n. 50; p. 1737, n. 54.

   3.  See 19 R. C. L. 609.
   5.  See 19 R. C. L. 317.

[74 Mont. 70.]

*Appeal from District Court, Carbon County; Robert C. Stong, Judge.*

ACTION in ejectment by the Union Central Life Insurance Company, a corporation, against Otto Jensen and others. From a judgment of dismissal plaintiff appeals. Reversed and remanded.

*Mr. E. B. Merrill,* for Appellant, submitted a brief, and one in reply to that of Respondents, and argued the cause orally.

The parties to a mortgage may by agreement contained in the mortgage provide that in case of default in the payment of the mortgaged indebtedness, the mortgagee shall be entitled to the possession of the mortgaged premises, and such an agreement will be enforced. (19 R. C. L. 317; *Felino* v. *Newcomb Lumber Co.,* 64 Neb. 335, 97 Am. St. Rep. 646, 89 N. W. 755; *Petit* v. *Louis,* 88 Neb. 496, 34 L. R. A. (n. s.) 356, 129 N. W. 1005; *First Nat. Bank* v. *Bell S. & C. Min. Co.,* 8 Mont. 32, 19 Pac. 403; affirmed, 156 U. S. 470, 39 L. Ed. 497, 15 Sup. Ct. Rep. 440; *Fogarty* v. *Sawyer,* 17 Cal. 589; *Harper* v. *Gordon,* 128 Cal. 489, 61 Pac. 84; *Flinn* v. *Ferry,* 127 Cal. 648, 39 Pac. 666, 60 Pac. 434; *Stack* v. *Coyle,* 59 Mont. 444, 197 Pac. 747; sec. 9495, Rev. Codes; 19 R. C. L. 317.)

This action is ''in the nature of ejectment'' (*Wolverton* v. *Nichols,* 5 Mont. 89), and was brought by the appellant, not for the purpose of obtaining possession of the mortgaged premises as ''the owner of the fee,'' but rather as the mortgagee thereof, under ''the express terms of the mortgage,'' as provided in section 8252 of the Civil Code, the mortgage containing, in addition to the contract of mortgage, a separate and distinct stipulation for such possession upon a default by the mortgagor, and a declaration of the maturity of the entire debt, by the mortgagee. We therefore think that, under the decisions of this court, in an

action "in the nature of ejectment" to recover the possession of specific real property, it is not necessary to show title thereto in the plaintiff, but that "he maintains his action if he establishes his right" to the immediate possession of the premises wrongfully withheld. That is the rule in the case of actions for the recovery of the possession of specific personal property. (*United States Nat. Bank* v. *Great Western Sugar Co.*, 60 Mont. 342, 199 Pac. 245; *Garcia* v. *Gunn*, 119 Cal. 315, 51 Pac. 684.) And we believe it to be the true rule, on principle.

Where, as in the instant case, the mortgage contains an independent stipulation that upon a default and a declaration of maturity of the entire debt, the mortgagee "thereupon  *  *  *  shall be entitled to immediate possession of said premises and to receive the rents, issues and profits thereof," such a contract may be specifically enforced upon the happening of the specified event. "Whenever the mortgagee has the right to enter, the mortgagor is subject to ejectment without notice.  *  *  *  The mortgagee  *  *  * may enter immediately." (Jones on Mortgages, par. 780.)

*Mr. C. C. Rowan,* for Respondents, submitted a brief and argued the cause orally at the first hearing and on rehearing.

Section 9495, Revised Codes of 1921, is conclusive upon the court in the instant case. Regardless of its terms, the mortgage cannot authorize possession by the mortgagee without a foreclosure and sale. If this section had said "without a foreclosure" and had omitted the words "and sale," it is possible that appellant might be entitled to the possession upon commencement of its foreclosure proceedings. But under these terms the foreclosure must have preceded the sale, and the property have been sold before such possession is authorized. And no sale has been had in this case. This court has held that the word "foreclosure" is used to denote

[74 Mont. 70.]

a sale of the mortgaged premises. (*First Nat. Bank* v. *Bell Silver Co.*, 8 Mont. 32, 19 Pac. 403.)

The supreme court of the United States has held that where a deed stipulated that upon notice the mortgagee should have possession, under the Oregon statute, substantially the same as ours, a public policy has been created in relation to possession, and such stipulation for possession was void. (*Teal* v. *Walker*, 111 U. S. 242, 28 L. Ed. 415, 4 Sup. Ct. Rep. 420 [see, also, Rose's U. S. Notes].) Furthermore a summary landlord and tenant process is not available to a mortgagee for the purpose of dispossessing the mortgagor. (19 R. C. L. 314; *Willis* v. *Eastern Trust Co.*, 169 U. S. 295, 42 L. Ed. 752, 18 Sup. Ct. Rep. 347.)

The complaint alleges in substance that the mortgagors are personally occupying the land as a home for themselves, and that they constitute a family, by alleging that they are husband and wife, and that they are in possession of this property and by asking for a judgment ejecting them. Therefore, appellant will not be able to eject the mortgagors during the period of redemption, nor until one year after sale of the property in question under foreclosure, either summary or judicial, and there has been neither in this case. However, appellant or the purchaser of this property at foreclosure sale will doubtless be entitled to the rents and profits from the premises from and after such sale and during the period of redemption. A contract which contradicts a provision of law is nugatory and void. (Sec. 7553, Rev. Codes 1921.)

The supreme court of the United States has held that the equity of redemption is inseparably connected with the mortgage and cannot be waived in the same instrument that creates the mortgage. (*Peugh* v. *Davis*, 96 U. S. 332, 337, 24 L. Ed. 775 [see, also, Rose's U. S. Notes].)

*Mr. William T. Pigott*, Counsel for Appellant on petition for rehearing, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action instituted by the plaintiff against the defendants to eject them from a tract of 200 acres of farming lands located in Carbon county. The plaintiff is the mortgagee named in a mortgage of the land executed by the holders of the legal title thereto, the defendants Otto Jensen and Jessie M. Jensen, husband and wife. The defendant C. L. Hathaway is the lessee in possession of the premises by virtue of a lease thereof executed to him by the mortgagors subsequent to the date of the mortgage.

By the terms of the mortgage it is provided: "That if [2] any of said notes, or any notes given in renewal or extension thereof, be not paid at maturity, * * * or if default shall be made in any of the covenants and agreements hereof, the entire debt secured hereby, shall at the option of the said second party (mortgagee), at once become due and payable without notice, and thereupon (a) the said second party may foreclose this mortgage by judicial proceedings or (b) may sell the premises herein described according to law for the payment of all sums due hereunder and shall be entitled to immediate possession of said premises and to receive the rents, issues, and profits thereof, and the occupants, if any, of said real estate, shall pay rent to the said second party."

The mortgagors having defaulted in the payment of the mortgage indebtedness, the plaintiff elected to declare the debt due and to foreclose the mortgage, and in pursuance thereof undertook to sell the property summarily independent of court action upon a notice in writing dated June 30, 1924, served upon the defendants and alleged to have been published "pursuant to the statutes in such cases

made and provided,'' offering the lands for sale at public auction August 23, 1924. This action was commenced on August 11, 1924, before a sale of the property was made or attempted to be made in accordance with such notice. It is predicated upon the plaintiff's alleged right of possession of the property upon default in payment of the debt pursuant to the terms of the mortgage. A demurrer was interposed to the complaint and by the court sustained. The plaintiff having refused to further plead, judgment was entered dismissing its complaint. The appeal is from the judgment.

The only question presented is whether the complaint states a cause of action.

Section 8252, Revised Codes of 1921, provides: ''A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage.''

''When a mortgage confers a power of sale, either upon the mortgagee or any other person, to be executed after a breach of the obligation for which the mortgage is a security, either an action may be maintained * * * to foreclose, or proceedings may be had under the provisions of the mortgage.'' (*Id.*, sec. 9470.)

Section 9471 prescribes the notice required to be given and published for a summary sale of mortgaged real estate to be sold under a power of sale, and the mortgagors are entitled to redeem from sales made pursuant to authority given in the mortgage the same as in cases of judicial foreclosure of mortgages. (*Id.*, sec. 9472.)

However, independent of these statutory provisions, we are called upon to ascertain whether greater rights were conferred by the contract upon the mortgagee, in determining the sufficiency of the complaint. Unless contrary to the law or against public policy, the terms of the contract are controlling. The following are the rules of interpreta-

tion applicable, prescribed by our statute: "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Sec. 7527, Rev. Codes 1921.) "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (*Id., sec.* 7529.) "'When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. * * * " (*Id., sec.* 7530.) "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (*Id., sec.* 7532.) And a contract must be given such interpretation "as will make it lawful, operative, definite, reasonable, and capable of being carried into effect." (*Id., sec.* 7534.)

In application of these rules, it is necessary to interpret the language employed and determine therefrom whether it was the intention of the parties to the contract that the mortgagee should be entitled to the immediate possession of the lands upon the mortgagee's election to declare the entire debt due because of the mortgagor's default. It will be noted that the action was begun twelve days before the date set for the sale of the property.

It is stipulated that upon the mortgagor's default, the entire indebtedness may at the mortgagee's option "at once become due and payable without notice"; and that (a) the mortgagee may foreclose by judicial proceedings, or (b) may sell the mortgaged premises "according to law for the payment of all sums due hereunder," and (c) *shall be entitled to immediate possession* of the mortgaged premises (d) "and to receive the rents, issues, and profits thereof."

But when is the mortgagee entitled to possession of the property? Is it before sale thereof according to law, or only after such a sale? The language employed in the mort-

gage must be given meaning so as to give effect to every part. If meaning and effect are to be given to division (c) of the language used, setting forth the rights of the mortgagee upon the mortgagor's default, then it must be held that the mortgagee was entitled, at its election, to the immediate possession of the mortgaged premises, and (d) to its rents and profits.

The mortgagee is also authorized to foreclose the mortgage summarily or by judicial proceedings. The right to possession is separate and independent from that of foreclosure and sale. The sequence of the language used is confusing, but the agreement is made plain by a rearrangement of its provisions such as that proposed by the plaintiff's learned counsel, on the rehearing, as follows: ''That if any of said notes be not paid at maturity, * * * or if default shall be made in any of the agreements thereof, the entire debt secured hereby shall, at the option of the second party, at once become due and payable without notice, and thereupon the said second party shall be entitled to immediate possession of said premises and to receive the rents, issues, and profits thereof, * * * and (a) may sell the premises herein described according to law for the payment of all sums due hereunder, or (b) may foreclose this mortgage by judicial proceedings.''

Any other interpretation of the language employed would render meaningless the words *''and shall be entitled to immediate possession of said premises,''* clearly demonstrable [1, 3, 4] by the fact that the mortgagee could not become a purchaser at a summary sale of property conducted by it under the power of sale contained in the mortgage (18 Cal. Jur. 266; 19 R. C. L. 425; *Hammond* v. *Hopkins,* 143 U. S. 224, 36 L. Ed. 134, 12 Sup. Ct. Rep. 418 [see, also, Rose's U. S. Notes]); and upon a judicial sale of mortgaged property the purchaser is not entitled to possession by reason of the mortgage contract, for the mortgage is at

an end and is merged in the judgment, and the purchaser's right of possession of the mortgaged premises is pursuant to purchase made thereof at a decretal sale (*Dyer* v. *Schmidt,* 67 Mont. 6, 213 Pac. 1117; *Citizens' Nat. Bank* v. *Western L. & B. Co.,* 64 Mont. 40, 208 Pac. 893; *Davis* v. *Dale,* 150 Ill. 239, 37 N. E. 215; *Haigh* v. *Carroll,* 209 Ill. 576, 71 N. E. 317; *Connecticut Mutual Life Ins. Co.* v. *Cushman,* 108 U. S. 51, 27 L. Ed. 648, 2 Sup. Ct. Rep. 236 [see, also, Rose's U. S. Notes]). We are required to give effect to every part of the contract so as to make its terms operative, and are not permitted to make a new contract for the parties, nor to read language into it nor eliminate therefrom any of the lawful terms made by the parties themselves, unless the words employed are meaningless or involve an absurdity. In application of section 8252, Revised Codes of 1921, above quoted, the mortgagee is entitled to possession of the premises in consequence of express provision contained in the mortgage contract, the language of which, properly construed, involves no ambiguity.

The defendants rely upon section 9495 of the Revised Codes of 1921, providing that a mortgage of real property [5] is not to be deemed a conveyance, whatever its terms, so as to entitle the owner of the mortgage to recover possession of the real property, independent of foreclosure. This section, however, in no manner interferes or attempts to interfere with the right of contract. The owner of real property, whether it be mortgaged or not, may surrender possession of his real property or contract to divest himself thereof upon condition broken. This section can have reference only to mortgages of real estate wherein no provision is made conferring upon the mortgagee a right of possession upon condition broken, as in the instant case.

That this is the correct interpretation of the language of the statute becomes more apparent upon reading section 8252, Revised Codes of 1921, wherein it is expressly pro-

[74 Mont. 70.]

vided that "A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of the mortgage, the mortgagor may agree to such change of possession without a new consideration." So that an agreement such as we have before us, entitling the mortgagee to possession of the property upon default of the mortgagor, will be enforced. (*First Nat. Bank of Butte* v. *Bell & S. C. M. Co.*, 8 Mont. 32, 19 Pac. 403; affirmed in *Bell* v. *First Nat. Bank*, 156 U. S. 470, 29 L. Ed. 409, 6 Sup. Ct. Rep. 105 [see, also, Rose's U. S. Notes]; *Stack* v. *Coyle*, 59 Mont. 444, 197 Pac. 747; 19 R. C. L. 317.)

Being satisfied that we did not correctly interpret the language of the contract in the original opinion herein, it is now hereby withdrawn and substitution thereof made hereby.

The judgment is reversed and the cause remanded to the district court of Carbon county, with directions to overrule the demurrer to the complaint.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness and not having heard the argument, takes no part in the foregoing decision.

ON PETITION FOR SECOND REHEARING.

MR. JUSTICE GALEN delivered the opinion of the court.

On petition for a second rehearing, counsel for the respondents misinterpret the decision of this court in the case of *First Nat. Bank* v. *Bell Silver Min. Co.*, 8 Mont.

32, 19 Pac. 403. That case goes no further than to hold that under the provisions of section 371, First Division, Compiled Statutes of 1887, now section 9495, Revised Codes of 1921, a mortgage conferring a right to the possession of mortgaged property on default of the mortgagor cannot, under the statute, give a right to the mortgagee to take title to the mortgaged premises without foreclosure, thus depriving the mortgagor of his statutory right of redemption. The words of grant contained in the mortgage contract, whatever the terms employed, cannot operate to give title to the mortgagee as owner. However, a right to possession on default under a mortgage contract is entirely another thing and amounts merely to the giving of additional security and is unobjectionable. That case fully sustains the text in this opinion to which it is cited. Section 9449 of the Revised Codes of 1921 did not become effective until March 5, 1921, and its provisions are not applicable. The mortgage was executed prior to this enactment, and therefore is not affected by its provisions. To apply it to the mortgage before us would impair the obligations of a contract.

The petition is denied.

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.