# UNITED STATES BUILDING & LOAN ASSOCIATION, RESPONDENT, *v.* STEVENS, APPELLANT.

(No. 6,945.)

(Submitted October 15, 1932. Decided December 12, 1932.)

[17 Pac. (2d) 62.]

*Mr. Ralph L. Arnold,* for Appellant.

*Mr. J. F. Emigh,* for Respondent.

HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

Default having been made in the payment of the indebtedness, suit was commenced by plaintiff, United States Building & Loan Association, to foreclose a mortgage executed by defendant and appellant, Theodore Stevens, and his wife, to secure the indebtedness.

The mortgage, which was set out in full in the complaint, contained the following stipulation: "In case of foreclosure the mortgagor hereby expressly waives any claim of homestead and all right of possession of the mortgaged premises during the period allowed by law for redemption."

Defendants failed to appear in the action, and judgment and decree was entered decreeing, among other things, that the purchaser at the foreclosure sale should be entitled to possession of the premises during the statutory redemption period. After entry of judgment, defendant Theodore Stevens, and his wife, moved the court for an order modifying the decree so as to eliminate therefrom the portion giving to the purchaser possession, basing their motion upon the fact—which is not controverted—that they were personally occupying the premises as a home for themselves and their family, and claiming the right so to do under the terms of section 9449, Revised Codes 1921. The motion was denied by the lower court. Thereupon plaintiff, who was the purchaser at the foreclosure sale, applied for and was granted a writ of assistance. This appeal is by the defendant Theodore Stevens from the order denying the motion for modification and the order directing the issuance of the writ of assistance.

There is but one question presented by the appeal, and that is as to the validity of the specific waiver set out above.

Section 9449, relied upon by the defendant, is as follows: "The purchaser of lands at mortgage foreclosure or execution sales is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while said execution debtor personally occupies the land as a home for himself and his family."

Under the rule announced in *State ex rel. Flowerree* v. *District Court*, 71 Mont. 89, 227 Pac. 579, and *State ex rel. Kester* v. *District Court*, 74 Mont. 100, 238 Pac. 875, if the motion to modify was properly denied, the issuance of the writ of assistance was regular.

As we understand defendant's argument, he asserts that the stipulation is invalid for the reasons:

(1) That it is a restraint on the right of redemption and is, therefore, forbidden by the express terms of section 8230, Revised Codes 1921, which provides, among other things, that "all contracts in restraint of the right of redemption from a lien, are void."

(2) That the right or benefit conferred by section 9449 is in the nature of a homestead which is exempt from execution, and that the stipulation is void as being contrary to the public policy of the exemption laws.

There is no force in the first position. In the first place the right of redemption is not at all affected, that is, restrained, by the possession or right of possession of the premises. Clearly, the debtor can relinquish possession immediately following the sale without legally affecting his right to redeem. It might be that, with the fruits reaped or saved by the debtor while he retains possession, he might be better able to redeem, but his right to redeem continues regardless of who is in possession.

The rule announced by section 8230 is only a statutory expression of the common-law rule forbidding "clogs" on the redemption. In passing we point out that this court has held that the terms of this section do not apply to the statutory "right" of redemption. It does, however, forbid contracts restraining the "equity" of redemption. (*Banking*

*Corporation of Montana* v. *Hein*, 52 Mont. 238, 156 Pac. 1085.)

It has always been the rule in this state that the terms ▉ of a mortgage can grant to the mortgagee the right to possession upon the happening of a contingency, and that, possession having been obtained, it can be held until the debt is paid. (Sec. 8252, Rev. Codes 1921; *Union Central Life Ins. Co.* v. *Jensen*, 74 Mont. 70, 237 Pac. 518; *Fee* v. *Swingly*, 6 Mont. 596, 13 Pac. 375.) The mortgage before us also contained such an agreement. Under this the plaintiff could have obtained possession prior to foreclosure and thus put the defendant in a position where he could not have claimed the benefits of section 9449, even in the absence of the stipulation which he asserts is invalid, for the reason that at the time of foreclosure sale he would not have been personally occupying the premises.

Unless it can be said that the stipulation is void for the reasons advanced under the second subdivision of defendant's argument, we can see no reason for holding it invalid. We shall, therefore, address ourselves to the questions thus presented.

Defendant presents these questions by asserting: "The section permitting occupancy * * * is undoubtedly in the nature of a homestead. It gives him * * * time within which to adapt himself to his new circumstances," and "a homestead right cannot be waived by contract in advance of occasion for asserting such right, such contract of waiver being against public policy."

The contention being that the privilege of possession during the statutory period of redemption is exempt from execution, it is probable that the same policy which Mr. Chief Justice Brantly found expressed by the legislature concerning the right of redemption itself surrounds section 9449. See *Hamilton* v. *Hamilton*, 51 Mont. 509, 154 Pac. 717, 723, where the Chief Justice said of the right of redemption: "The purpose of the legislature * * * was to declare it to be the public policy of this state that, when an unfortunate debtor has lost his

land, either under mortgage foreclosure or execution sale, he shall have the opportunity to regain it by complying with the conditions imposed.'' The holding of the court in that case on that subject was: ''The right of the debtor to redeem shall not be subject to levy under execution.''

The right which we are considering is equally exempt from ██ forced sale, since by the very terms of the section granting the right (9449) it exists only so long as the occupancy is by the ''execution debtor'' himself. Change of possession effects a loss of the right. (See *Sayre* v. *Vander Voort*, 200 Iowa, 990, 42 A. L. R. 880, 205 N. W. 760.)

We point out that we recognize the fact that other courts ██ have held advance *general* waivers in executory contracts void as contravening public policy. (See *Bunker* v. *Coons*, 21 Utah, 164, 81 Am. St. Rep. 680, 60 Pac. 549; *Weaver* v. *Lynch*, 79 Colo. 537, 246 Pac. 789, 47 A. L. R. 299, and note appended to the report of this last case in A. L. R.; and 11 R. C. L. 543.)

A mortgage of the exempt property, being specific, whether it be a homestead or personal property, has the effect, to say the least, of a waiver of the exemption. This may be uniformly done if the statutory restrictions are complied with. (See secs. 6949 and 6950, Rev. Codes 1921; 11 R. C. L. 544; 13 R. C. L. 621; and *Bunker* v. *Coons*, supra.)

We think it is reasonably deducible from the decisions in other states that wherever a claimant, with full knowledge of his right to withhold any specific piece of property or right from forced sale, and of the consequences of a relinquishment of that right, executes a contract based upon consideration, which describes the specific property or right affected, and agrees to dispose of such property or right, whether it be by relinquishment or conveyance, he will be bound by his contract. (See *Moran* v. *Clark*, 30 W. Va. 358, 4 S. E. 303, 8 Am. St. Rep. 66, and cases cited and discussed; and 25 C. J., p. 110.)

The comment of Mr. Freeman in his note to *Poole* v. *Gerrard*, 65 Am. Dec. 481, seems pertinent at this point. The author

says: "In absence of statutes restricting alienation of homesteads, the owner thereof has undoubtedly as full and perfect a right to convey the property as he would have had if it had not been a homestead, the mere exemption of it from forced sale having no tendency to limit the right of a voluntary alienation. The power of alienation is not derived from the statute relating to alienation of homesteads. It is an incident of ownership of the property independent of the homestead law, and the directions and prohibitions of the statute as to the alienation are mere restrictions upon this antecedent power. Without any such restriction, the property passes, by a conveyance, as if there were no homestead."

In our opinion, the public policy of the state, expressed by our own and the federal Constitution, the statutory law, and the decisions of this court, require us to recognize the power of the parties hereto to enter into the contract which we have before us. It has always been the rule here that a contract shall not be declared invalid as against public policy, if by any reasonable construction it can be upheld. (See *Dallas* v. *Douglas*, 45 Mont. 114, 122 Pac. 275.)

Undoubtedly the legislature could pass a law restricting the disposal of any exempt property or right. Except for the provisions of sections 6950 and 6951, Revised Codes 1921, touching the conveyance, encumbrance and abandonment of homesteads, our own legislature has not seen fit to express any limitation upon the antecedent right to dispose of such interests.

We do not see anything peculiar in the particular benefit or right conferred by section 9449 which would remove it from the operation of the rules which we have approved. It may be likened to a leasehold without the privilege of assignment. The tenant in such case has an interest which he cannot dispose of to anyone other than the landlord. This does not mean that he cannot relinquish his interest to the owner of the paramount title or contract to do so upon the happening of a contingency. By entering into such an arrangement in the ordinary lease, an interest in the leasehold would

18

be retained by the landlord which itself might partake of the nature of a mortgage. That would appear to be the result of the situation with which we are concerned. Whatever its nature, we hold that the defendant and his wife had the power to execute the stipulation.

The mortgage containing the express waiver was signed by ██ both husband and wife. The specific right was identified, and we must assume that the mortgagors knew of their right to possession and intended to waive it. The written contract imports consideration. On any theory the parties had the right to enter into the contract before us. Being such a contract as the parties might rightfully make, it is our duty to enforce it, even though it may be that they now think they made a bad bargain. (*Viers* v. *Webb*, 76 Mont. 38, 245 Pac. 257.) A contract is not invalid because it turns out to be unreasonable, dangerous or burdensome. (*Lawson* v. *Cobban*, 38 Mont. 138, 99 Pac. 128.)

The orders appealed from are affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS and HONORABLE R. M. HATTERSLEY, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.