KELLY, Appellant, *v.* ROBERTS et al., Respondents.

(No. 6,971.)

(Submitted October 19, 1932.   Decided December 17, 1932.)

[17 Pac. (2d) 65.]

*Mr. Wm. M. Blackford,* for Appellant.

*Mr. Oscar O. Mueller,* for Respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from a judgment in an action to foreclose a real estate mortgage made by defendants to plaintiff.

The mortgage contained the following stipulation: "In case of default in payment of any interest payment or of said principal sum, or in the payment of any taxes on said described real property, or any taxes becoming a lien on said real property, then the said party of the second part or holder of this mortgage has the right to take immediate possession of said mortgaged property and the crops grown or growing thereon, whether the same be severed or not in the year in which default shall be made as aforesaid, and shall have the right to sell and dispose of the same and apply the proceeds of such sale first to the payment of interest and taxes and then to the payment of said principal sum remaining unpaid. This right shall not be considered as waived by any delay in taking possession of said mortgaged property and crops as aforesaid, and this stipulation agreement shall be continuous relating thereto."

The complaint, which was filed October 14, 1931, alleged a default in the payment of interest since November 12, 1929, and failure to pay the principal at due date. It sought the usual decree of foreclosure and the possession of the property. The only defense asserted to the action was that defendants are occupying the property as a home for themselves and their family, and that, therefore, they are entitled to remain

in possession of the property during the period of redemption in accordance with section 9449, Revised Codes 1921.

A general demurrer to the answer was overruled, and plaintiff in his reply admitted that defendants occupy the property as a home for themselves and family, but denied their right to retain possession. Plaintiff at the trial, which occurred in February, 1932, submitted proof entitling him to a decree, and showed that he demanded possession of the property by serving upon defendants a written notice to vacate on October 15, 1931, but that they still retain possession of the property. Defendants offered no evidence. Decree was entered for plaintiff on February 5, 1932. The decree specifically provided that defendants, the mortgagors, be entitled to remain in the possession of the property during the period of redemption, "regardless of the agreement of said defendants in said mortgage that the plaintiff, as mortgagee, has the right to take immediate possession of said mortgaged property on default in payment of interest or the said principal sum secured by said mortgage." This portion of the decree was excepted to by the plaintiff. Plaintiff also requested a finding, as conclusion of law, that the purchaser at the foreclosure sale be entitled to possession immediately after the sale. This was refused and an exception noted.

The appeal presents the single question whether, in view of section 9449, Revised Codes 1921, the mortgagors are entitled to the possession of the property during the period of redemption, in the face of the stipulation contained in the mortgage which we have quoted above.

Prior to the enactment of section 9449, the purchaser at a foreclosure sale was entitled to the possession of the property during the period of redemption. (*Citizens' National Bank* v. *Western L. & B. Co.*, 64 Mont. 40, 208 Pac. 893; *Dyer* v. *Schmidt*, 67 Mont. 6, 213 Pac. 1117.)

Section 9449 provides: "The purchaser of lands at mortgage foreclosure or execution sales is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while said execution

debtor personally occupies the land as a home for himself and his family.''

At the time section 9449 was enacted, there was, and still is, in force section 8252, Revised Codes 1921, which provides: ''A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of the mortgage, the mortgagor may agree to such change of possession without a new consideration.'' This constitutes an express authorization for incorporating a stipulation in the mortgage for possession by the mortgagee in case of default, such as the one in the mortgage before us. (And see *Union Central Life Ins. Co.* v. *Jensen,* 74 Mont. 70, 237 Pac. 518, 520; *Morton* v. *Union Central Life Ins. Co.,* 80 Mont. 593, 261 Pac. 278; *Wells-Dickey Co.* v. *Embody,* 82 Mont. 150, 266 Pac. 869.) And if the agreement sufficiently identifies the property right sought to be relinquished, public policy will not prevent its enforcement even though that right comprises that which is otherwise preserved to the mortgagor under section 9449. (*United States Bldg. & Loan Assn.* v. *Stevens,* ante, p. 11, 17 Pac. (2d) 62.)

Plaintiff here, under the terms of the mortgage, was entitled to the possession of the property as against the mortgagors, upon default by the mortgagors without reference to the foreclosure proceeding, and he had the right to obtain possession after foreclosure proceedings were commenced. (*Wells-Dickey Co.* v. *Embody,* supra.) He demanded possession on October 15, 1931, long before the decree of foreclosure was entered. After default by the mortgagor and prior to a demand for possession by the mortgagee in a case such as this the mortgagor is a tenant by sufferance only. (41 C. J. 618; 35 C. J. 1137.) After demand was made by the plaintiff upon defendants for the possession of the property, defendants were no longer rightfully in possession thereof. Section 9449 affords protection to those mortgagors only who at the time of the decree of foreclosure are rightfully in possession of the mortgaged property.

It is true, as defendants contend, that "upon a judicial ██ ██ sale of mortgaged property the purchaser is not entitled to possession by reason of the mortgage contract, for the mortgage is at an end and is merged in the judgment, and the purchaser's right of possession of the mortgaged premises is pursuant to purchase made thereof at a decretal sale." (*Union Central Life Ins. Co.* v. *Jensen,* supra.) And "the rights which the purchaser at the decretal sale, if one was had, were not of the essence of the mortgage contract, but depended wholly upon the law in force when the sale occurred. * * * Thenceforward its interest in the property was as purchaser, not as mortgagee." (*Connecticut Mutual Life Ins. Co.* v. *Cushman,* 108 U. S. 51, 2 Sup. Ct. Rep. 236, 244, 27 L. Ed. 648.)

At most, these cases hold that where the purchaser asserts rights by virtue of a foreclosure sale, the extent of his rights must be measured by the decree without reference to the terms of the mortgage. In apparent recognition of this fact, the mortgagee took every precaution to see to it that the decree afforded all the relief which could be afforded under the terms of the mortgage. Not having secured all the rights which he believed the mortgage afforded, he took this appeal from the decree. There has, as yet, not been a decretal sale.

It would be a monstrous doctrine to hold that the terms of the mortgage cannot be resorted to in order to ascertain what should properly be included in the decree of foreclosure. And where, as here, the mortgagors by the stipulation in the mortgage had agreed that the mortgagee is entitled to immediate possession upon default by the mortgagors, and had stipulated that the agreement shall be continuous and not waived by delay in taking possession they cannot, when in default and after demand had been made, before the foreclosure decree was entered, that they yield possession, thereafter assert that they are entitled to possession during the period of redemption.

To the extent that the decree provides for possession by the mortgagors and their family during the period of redemption, rather than by the purchaser at the foreclosure sale, it was and is erroneous and should, to that extent, be modified. It is so ordered.

Mr. Chief Justice Callaway, Mr. Justice Matthews, Honorable Frank P. Leiper, District Judge, sitting in place of Mr. Justice Galen, disqualified, and Honorable R. M. Hattersley, District Judge, sitting in place of Mr. Justice Ford, disqualified, concur.