25 So.2d 145

PEARMAN v. BATTLES.

6 Div. 416.

Supreme Court of Alabama.

March 7, 1946.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellee.

502

FOSTER, Justice.

In this case the statutory right of redemption was held to be in complainant (appellee) and on final decree he was allowed to exercise that right.

The first question presented goes to the power of complainant to exercise the right. The father of complainant, H. A. Battles, bought the land from one King, with the mortgage to Snead outstanding, but did not at the time assume its payment, not actually knowing of it, but proceeded to make payments on it. Whether he afterwards assumed it will be treated later. He then died, and left a widow and four children, one of whom is the complainant. They remained in possession and made payments. The mortgage was foreclosed after the death of H. A. Battles who was at the time of his death the owner of the equity of redemption. Possession was surrendered to the purchaser, and after steps were taken to ascertain and tender the amount necessary to redeem, the complainant, as a son and heir at law of H. A. Battles, filed this suit and brought the money into court.

The theory on which appellant claims that complainant did not own the statutory right of redemption is that H. A. Battles was not the debtor in the mortgage, and that his heir at law is not a person on whom the right was conferred by section 727 or 742, Title 7, Code. That theory was held correct as applied to the heir of an assignee of the mortgagor when the assignee received his deed after foreclosure, and never became a debtor under the mortgage. Under such circumstances at the time of the death of such assignee, he had only a statutory right of redemption, which did not descend to his heirs. Land v. Cooper, 244 Ala. 141, 12 So.2d 410.

When the assignee of the mortgagor dies before foreclosure, he at that time owns the equity of redemption which is a property ownership and descends as other land, though subject to the mortgage. Originally this Court held that the statutory right of redemption existed to protect the owner of the equity of redemption or some other property right in it existing at the time of the foreclosure, and could be enforced on that theory. Braly v. Polhill, 231 Ala. 633, 166 So. 519. But the later cases hold that statutory redemption has now no necessary relation to a property right, but that it is purely personal. Malone v. Nelson, 232 Ala. 243, 167 So. 714; Estes v. Johnson, 234 Ala. 191, 174 So. 632; Huie v. Smith, 236 Ala. 516, 183 So. 661.

We are not able to work out a theory by which an heir of an assignee of the equity of redemption, who died before foreclosure, is authorized to exercise this right, unless there is some other circumstance which brings him in the letter of the statute. The right is here controlled by the Code of 1923, in effect when the mortgage was made. Lehman Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590. Section 10155 of that Code (section 742, Title 7, Code of 1940) confers the right on an heir of the debtor. The Act of July 8, 1943 (General Acts 1943, page 450, Code 1940, Tit. 7, § 742) amending that statute on account of the case of Land v. Cooper, supra, has no application.

All the persons given the right of redemption under the statutes in some manner are related to the "debtor," not to the mortgagor. We think that it is significant that this is so. The mortgagors, all of them, are not always a debtor, as the wife signing with the husband is a mortgagor, but not necessarily a debtor as in Walden v. Speigner, 87 Ala. 379, 6 So. 81. The use of the word "debtor" was noted in McDuffie v. Faulk, 214 Ala. 221, 107 So. 61, 62, when it was said to be "a general word, intended to include mortgagor," and sometimes to apply only to the mortgagor. But if the land subject to a mortgage is sold and the purchaser assumes the mortgage debt, with the consent and approval of the creditor, we think he then becomes the debtor under the statute. Scott v. Wharton, 226 Ala. 601, 148 So. 308; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Ewing v. Bay Minette Land Co., 232 Ala. 22, 166 So. 409: Compare Wise v. Laird, 198 Iowa 357, 199 N. W. 487.

At the time H. A. Battles bought the land from King, he was told there was no mortgage on it and gave Battles a warranty deed, and took a mortgage on the land. But the mortgage here in question to Snead

was on record, and Snead had a conversation with Battles and told Battles not to make any further payments to King, but to make them to him, and he would have credit on the mortgage for the purchase money Battles had given to King. Various payments were made to Snead by Battles on that assurance, including lumber on Snead's order. After his death, his widow went to see Snead who told her to stay on the place and continue making payments as she could. This she did and also her son, the complainant. She testified that she owed Snead nothing else except the King mortgage, showing that she recognized a personal liability to Snead. She and her four children continued to reside on the land making payments until the foreclosure, when they surrendered possession.

We think all the circumstances and course of dealing between H. A. Battles while he lived and his widow and children after his death show that Snead and they mutually considered H. A. Battles as his debtor under the mortgage. They did not pay King any more, and he does not seem to be demanding more. The assumption need not be by the use of any certain words. It was supported by a consideration, in that it was to relieve the land of a valid mortgage.

We think that Battles became the debtor under the Snead mortgage before it was transferred to Pearman and foreclosed by him. Therefore, complainant as an heir of Battles had the right of redemption under section 10155, Code of 1923, section 742, Title 7, Code of 1940.

We also think that complainant made sufficient effort to tender the necessary amount before filing suit and bringing the money into court. The respondent referred him to his attorney, and the attorney disclaimed authority, and referred him back to respondent. Both respondent and his attorney expressed the view that complainant did not have the right to redeem. Complainant was not required to do more than bring the money into court. Hudson v. Morton, 231 Ala. 392, 165 So. 227.

The decree of the trial court is well supported, and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.