JONES, ET AL., TRUSTEES *v.* JOHN S. STUBBS
& ASSOCIATES, INC.

[No. 391, September Term, 1965.]

*Decided July 20, 1966.*

The cause was argued before HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Charles W. Woodward, Jr.,* for appellants.

*David Macdonald* for appellee.

HORNEY, J., delivered the opinion of the Court.

The basic question on this appeal is whether the lower court erred in its construction of the meaning of a condition in a deferred purchase money deed of trust providing for its subordination to a loan for the cost of constructing buildings on the mortgaged property.

In November of 1958, John S. Stubbs & Associates, Inc., the appellee and owner of a parcel of land (containing 22438 square feet) in Kensington, Montgomery County, Maryland, executed the deed of trust to Melvin Y. Jones and John F. Terry, the appellants and trustees named therein, to secure payment to A. Gordon Stup of the mortgage note in the sum of $43,000. The agreement to subordinate contained in the original deed of trust provided:

> "It is agreed by the payee of the note secured hereby that this Deed of Trust is to be subordinated to a First Deed of Trust placed against the property for purposes of construction (construction loan) secured on a bona fide and recognized financial institution and also to a permanent loan placed against the property in lieu of the construction loan secured on a bona fide and recognized financial institution, provided said permanent loan is placed against the property within (1) year after completion of the building.
>
> "The Trustees herein are directed to sign said Subordination Agreement without authority from the noteholder.
>
> "The Trustees herein are further directed to sign any plat of land for recording, subdividing this property into a re-subdivision * * *."

In January of 1959, the owner and noteholder executed an agreement as agreed by which the original deed of trust was subordinated to another deed of trust or mortgage from the owner to a building and loan association as security for a "com-

bined" construction and permanent loan in the sum of $51,000 to enable the owner to build a warehouse across the entire rear of the parcel of land.

In May of 1964, more than five years after the execution of the agreement to subordinate, the owner, having subdivided a part of the front of the parcel of land into two lots containing a total of 3306 square feet (to which the trustees named in the original deed of trust "assented" as agreed), advised the noteholder that it was ready to begin the construction of a new building and requested permission to tear down the old house on the two lots. The noteholder (and his wife) gave their permission. But, subsequently, when the owner requested the trustees to execute a second agreement under which the original deed of trust would be further subordinated to another mortgage for $65,000 to the building and loan association so that the owner could construct the other building on the two subdivided lots, the trustees refused.

The owner then filed a petition in equity to compel the trustees to execute a second subordination agreement or, in the alternative, for the appointment of substitute trustees to execute such an agreement. And when the lower court ordered the trustees to execute an agreement subordinating the lien of the original deed of trust to the proposed $65,000 mortgage, the trustees appealed.

The lower court, having found that the terms of the agreement to subordinate were ambiguous, concluded that the payee of the note secured by the original deed of trust, by agreeing that his lien was to be subordinated to loans " 'for *purposes* of construction' " and by directing the trustees "to sign any plat of land for recording or subdividing the property into a re-subdivision," thereby "necessarily contemplate[d] the erection of more than one building."

On appeal, the appellants-trustees contend that the terms of the agreement to subordinate did not require them to execute more than one subordination. The appellee-owner, besides claiming that it is entitled to a second subordination agreement, further contends that even if the lower court misconstrued the agreement to subordinate, its order should nevertheless be affirmed on the grounds of estoppel.

We think the lower court misconstrued the terms of the agreement to subordinate. As we read it, the first paragraph (and the second) concerned the subordination of the original deed of trust to different types of loans (a combination of a construction and a permanent loan) customarily employed to obtain the financing required to construct a building, whereas the third paragraph concerned the future subdivision of the parcel of land without stating the purpose or contemplated use.

Although the lower court properly stated that the original deed of trust was to be subordinated "for purposes of construction" apparently no consideration was given to the accompanying explanation as to what was meant by the parenthetical term "construction loan." For when the agreement to subordinate is read as a whole, it is clear that the word "purposes" had reference only to a *construction loan* with which to erect a presently contemplated building and to a *permanent loan* to take the place or stead of the former provided the deed of trust or mortgage for the latter was placed on record within one year after the completion of the building. The propriety of this interpretation is substantiated by the wording of the agreement to subordinate included in the original deed of trust such as the consistent use of singular (instead of plural) articles and nouns throughout the first and second paragraphs of the agreement to subordinate. The answer to a question of this sort must ordinarily depend on the intent of the parties ascertained from the wording of the agreement interpreted in the light of all the attending circumstances. *Northern Central Ry. v. Hering,* 93 Md. 164, 48 Atl. 461 (1901); *Tyson v. Latrobe,* 42 Md. 325 (1875); *Hinkley v. Wheelwright,* 29 Md. 341 (1868). As was said in 1 Jones, *Mortgages* § 123 (8th ed.): "There is no doubt that the intention [of the parties] is the object to be sought for [by the court] in [the] construction [of a mortgage or deed of trust]. And to get at that, the situation of the parties, and the nature and object of their transactions, may be looked at." Also see *Walker v. Bement,* 94 N. E. 339 (Ind.App. 1911); *De Clow v. Haverkamp,* 189 N. Y. S. 617 (App. Div. 1921); *Ex Parte American Fertilizing Co.,* 115 S. E. 236 (S.C. 1922); *Lightle v. Rotenberry,* 266 S. W. 297 (Ark. 1924); *Holfelder v. Gallagher,* 14 N. Y. S. 2d

940 (Misc. 1939); *Miller v. Allen*, 90 N. E. 2d 251 (Ill.App. 1950). We see nothing in the first and second paragraphs of the agreement to subordinate requiring the trustees to execute a second subordination and we so hold.

Nor do we see anything in the third paragraph, even if it had any connection with the other two paragraphs, suggesting the execution of another subordination agreement. All that this provision did was to authorize the trustees to assent to a subdivision of the parcel of land in the event a "re-subdivision" took place. The purposes for which a subdivision might be desirable were not stated and no reference was made to the erection of other buildings in the future. Consequently, since it appears that there was no connection between this paragraph and the ones concerning subordination, the lower court lacked authority, by construction or otherwise, to read a condition into the agreement to subordinate that was not provided for therein. *Tyson v. Latrobe, supra; Union Central Life Ins. Co. v. Jensen*, 237 P. 518 (Mont. 1925); 1 Jones, *op. cit. supra* § 123. Moreover, since the meaning of the third paragraph is clear and unambiguous, the court had no power to imply a right or obligation in conflict therewith. See *In Re Baltimore & Ohio R. R.*, 34 F. Supp. 154 (D. Md. 1940). Nor did the court have power to rewrite the agreement "to make it more lenient, or to so construe it as to defeat its manifest intent." *O'Connor v. Meskill*, 39 Atl. 1061, 1062 (N. J. Ch. 1898) and *Pols v. Strand of Atlantic City*, 39 A. 2d 708, 710 (N. J. Ch. 1944).

Finally, the record does not support the contention of the owner that the noteholder (and the trustees acting in his behalf) are estopped from refusing a second subordination. Clearly, the permission given to the owner by the noteholder to tear down the old house on the subdivided lots in nowise signified an intention on the part of the noteholder to subordinate the original deed of trust to a second construction loan for the erection of another building on the mortgaged premises. Moreover, the fact that the owner upon receipt of permission took certain steps and incurred certain expenditures with respect thereto is immaterial under the circumstances.

*Order reversed; appellee to pay the costs.*