THE FIRST NATIONAL BANK OF CIRCLE, a Corporation, Plaintiff and Respondent, v. NIKOLAUS JOSEF HASTETTER and ERIKA HASTETTER, Husband and Wife, Defendants and Appellants.

No. 11183.
Submitted January 10, 1967.  Decided February 10, 1967.
423 P.2d 306.

Otto T. Habedank (argued), Sidney, for appellants.
Thomas E. Towe (argued), Circle, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the seventh judicial district of the State of Montana, in and for the County of McCone, the Honorable L. C. Gulbrandson, sitting without a jury.

The case was submitted on an agreed statement of facts which are as follows: On April 1, 1959, A. H. Moeller and Gwen Moeller, husband and wife, made and executed and delivered to the respondent, a promissory note in the sum of $15,000 and also executed a mortgage to respondent to secure that indebtedness.

On July 16, 1960, the Moellers assigned all right, title and interest in the mortgaged property over to Homer L. Carter and Violet S. Carter, by means of a contract for deed wherein the Carters as vendees agreed to assume and pay the existing F.H.A. note and mortgage held by the respondent.

Later on April 16, 1961, the Moellers gave the Carters a quitclaim deed to the property. The next year on March 8, 1962, the Carters conveyed the mortgaged premises to the appellants, Nikolaus Josef Hastetter and Erika Hannelore Hastetter, husband and wife, by means of a quitclaim deed for the stated consideration of $2,297.44. The appellants Hastetters did not by deed or any other agreement, assume and agree to pay the mortgage and note referred to therein, but did make monthly payments in the amount of $101.10 on said note, plus a monthly mortgage insurance premium of about $5.50 up to and including January 1, 1964. The premises were used by the appellants as a family residence and were so occupied when a foreclosure complaint was filed on November 5, 1964. A stipulation has been entered between the respondent Bank and the Moellers and Carters, under the terms of which no deficiency judgment will be entered against either the Moellers or Carters. No payments have been made on the mortgage since January 1, 1964.

The foreclosure hearing (trial) was heard on January 25, 1966, and Judge Gulbrandson filed his findings of fact on April 18, 1966. The judgment and foreclosure awarded the respondent Bank a judgment in the sum of $12,709.11, together

with interest in the amount of $949.65, $1,492.55 for mortgage insurance premiums, the sum of $400.00 for attorney fees, the sum of $13.50 for costs, or a grand total of $15,564.81, with interest from the date of judgment, and provided for a sheriff's sale on May 31, 1966 for the sum of $15,699.92.

In addition the judgment and foreclosure decree providing for the sale denied the appellants the right of occupancy and possession of the premises during the period of redemption after the foreclosure, holding that the purchaser at the foreclosure sale was entitled to immediate possession.

On May 18, 1966, Judge Gulbrandson granted respondent's order staying execution of the judgment insofar as the judgment provided the purchaser at the sale had the right to immediate occupancy of said premises during the one year redemption period, upon the filing of a bond in the sum of $2,000, conditioned that the said appellants, if ordered to do so by the Supreme Court, will deliver possession of the said premises during the year of redemption to the purchaser at the sale.

Not only were the facts stipulated but the one question of law also was stipulated. It is:

Are the appellants, Nikolaus Josef Hastetter and Erika Hannelore Hastetter, who had taken the premises subject to the existing mortgage, but who had not assumed its payment, and who were occupying the premises as their home at the time of the foreclosure, entitled to occupy the premises during the one-year period of redemption specified in section 93-5841, R.C.M.1947.

This being a case of first impression in this court, we will first consider the statute, R.C.M.1947, § 93-5841, which provides: "The purchaser of lands at mortgage foreclosure or execution sales is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while said execution debtor personally occupies the land as a home for himself and his family. It shall be unlawful to insert in any mortgage of real estate any provision or lan-

guage intended to constitute a waiver by the owner of real estate personally occuping land as a home for himself and family of the provision of this section or any provision or language intended to give the mortgagee possession of the land or premises prior to foreclosure upon default of tax, principal or interest payments. The intention hereof being to insure to such owner the possession of his land prior to foreclosure and during the year of redemption."

This section was interpreted by this court in the following cases: Citizens' Nat. Bank of Laurel. v. Western Loan Bldg. Co., 64 Mont. 40, 208 P. 893; Dyer v. Schmidt et al., 67 Mont. 6, 213 P. 1117; State ex rel. Flowerree v. District Court, 71 Mont. 89, 227 P. 579; State ex rel. Kester v. District Court, 74 Mont. 100, 238 P. 875; United States Bldg & Loan Assoc. v. Stevens, 93 Mont. 11, 17 P.2d 62; and Kelly v. Roberts et al., 93 Mont. 106, 17 P.2d 65.

The general holding in these cases was to the effect that owners in possession of the property at the time of the sale were allowed to remain in possession during the year of redemption.

In this case the lower court held in favor of the plaintiff's contention that when Hastetters contended that they did not assume the indebtedness represented by the note for which the mortgage was given as security, in the foreclosure of such a mortgage, they, Hastetters, ceased to become an "execution debtor"; and therefore, even though they were owners and occupants of the property, they did not have the benefit of the year of redemption which is afforded by the statute to the mortgagor.

We turn then to a construction of the words "execution debtor" in order to determine whether or not the appellant falls within that statutory class of persons. The appellant argues that the purpose of the 1933 amendment, which consists of the last two sentences in the statute, was to protect just such cases as his type of occupancy. With this we must disagree for it

appears clearly that the amendment only provides that no waiver of the statute may be inserted in the mortgage.

Had the appellant assumed the mortgage he would have become an "execution debtor." Pearman v. Battles (1946), 247 Ala. 500, 25 So.2d 145, 146. However, under the wording of the statute it is our view that the appellants are not "execution debtors" for the reason they are not debtors of the mortgagee. They owe no obligation to anyone arising out of the mortgage because they did not assume the mortgage.

Under previous holdings of this court the appellants might well be "successors in interest" of a judgment creditor, Hamilton v. Hamilton, 51 Mont. 509, 154 P. 717, or "tenants in possession," Citizens' Nat. Bank of Laurel v. Western Loan & Bldg. Co., supra, but under neither holding can they become "execution debtors," within the meaning of the statute.

For these reasons the holding of the district court was correct and the judgment is therefore affirmed.

In view of this ruling it is not necessary to further consider respondent's motion to dismiss the appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES, concur.